WALKER MANUFACTURING CO., by T.E. Conner and R.L. Porter and CWB LTD Partnership III, Petitioners,

v.

DEPARTMENT OF LOCAL GOVERNMENT FINANCE,[1] Respondent.

No. 49T10–9701–TA–00006.

Tax Court of Indiana.

July 11, 2002.

---

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the Legislature abolished the State Board as of December 31, 2001. Pub.L. No. 198–2001, § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF), and the Indiana Board of Tax Review (Indiana Board). IND.CODE §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); Pub.L. No. 198–2001, §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001) (eff.2002); Pub.L. No. 198–2001, § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. *See also* Pub.L. No. 198–2001, § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

David L. Pippen, Attorney at Law, Indianapolis, Indiana, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

Walker Manufacturing by Thomas E. Conner, Robert L. Porter, and CWB LTD Partnership III (Walker) appeals the final determinations of the State Board of Tax Commissioners (State Board) of Walker's 133 Petitions for the 1990–91 tax years and its 131 Petitions for the 1992 tax year assessing Walker's land and improvements. The Court restates the issues as:

I. Whether the Court has subject matter jurisdiction over Walker's 133 Petitions; and

II. Whether Walker presented a prima facie case that its land and improvements for the 1992 tax year should be reduced because its land was improperly classified and because its improvements are entitled to grade and obsolescence adjustments.

For the following reasons, the Court DISMISSES Walker's appeal of its 133 Petitions for lack of subject matter jurisdiction and AFFIRMS that State Board's final determinations of Walker's 131 Petitions.

## FACTS AND PROCEDURAL HISTORY

Walker is a manufacturing business in the city of Ligonier in Noble County, Indiana. It owns two parcels of land with an improvement on each parcel. The parcel numbers are 075–030–155–00 (parcel 155) and 075–030–210–00 (parcel 210). For the 1989–91 tax years, Walker filed with the Noble County Board of Review (BOR) three Form 133 Petitions for Correction of Error (133 Petition) for parcel 155 and its improvement, arguing that its improvement had been assessed excessively for various building components and assessed for building components that were absent from the improvement.[2] Walker also challenged parcel 155's land classification. The BOR denied Walkers petitions and forwarded them to the State Board.

On November 24, 1993, the State Board issued its final determination on Walker's 133 Petitions.[3] In particular, the State Board granted Walker no relief on the issues of the various building components or land classification. Moreover, the State Board assessed certain yard improvements[4] for which Walker had not previously been assessed.

On January 7, 1994, Walker appealed the State Board's final determinations to this Court. Among other things, Walker sought to challenge the fact that it had been afforded no hearing on the State Board's assessment of its yard improvements. Walker also sought to challenge the use of what it believed was subjective judgment by the State Board in reaching its final determinations. Walker, however, did not timely initiate its original tax appeal; consequently, on August 25, 1994, this Court dismissed Walker's appeal for the lack of subject matter jurisdiction.[5] *Walker Mfg. v. State Board of Tax Comm'rs*, Nos. 49T10–9401–TA–00009 & 49T10–9401–TA–00011 *slip op.* at 1–3 (Ind. Tax Ct. Aug. 25, 1994).

On September 27, 1994, Walker re-filed with the BOR its claims in subsequent 133 Petitions for the 1990–91 tax years.[6] In this second batch of 133 Petitions, Walker raised the same claims that this Court had dismissed one month earlier for the lack of subject matter jurisdiction. The BOR again denied Walker's 133 Petitions. On October 27, 1994, the BOR forwarded Walker's 133 Petitions to the State Board. On November 22, 1996, the State Board issued final determinations denying Walker's 133 Petitions yet again.

For the 1992 tax year, Walker filed with the BOR a Form 130 Petition for Review of Assessment for both parcels and improvements.[7] The BOR denied Walker's

2. Parcel 155's land and improvement were assessed as follows: for the 1989 tax year, $407,970; for the 1990 tax year, $410,870; and for the 1991 tax year, $414,840. The record does not reveal what Walker believed its assessments should have been.

3. The State Board assessed parcel 155 and its improvement as follows: for the 1989 tax year, $411,940; and for the 1990–91 tax years, $414,840.

4. The record does not reveal what the yard improvements were. *See generally* IND ADMIN. CODE tit. 50, r. 2.1–4–5 (1992) (Schedule G) (providing cost schedules for various commercial yard improvements).

5. Walker incorporates by reference the Court's unpublished order into the present record.

6. Walker concluded that it was time-barred from taking further action on its 133 Petition for the 1989 tax year. As for the 133 Petitions for 1990–91 tax years, Walker argued that the assessment of parcel 155's land and improvement should have been $370,000 for each tax year.

7. The assessment for parcel 155's land and improvement was $410,870; the assessment for parcel 210's land and improvement was $908,940. The record does not reveal what

130 Petitions on November 17, 1993. On November 24, 1993, Walker filed two Form 131 Petitions for Review of Assessment (131 Petition) with the State Board. Walker argued that the assessment of the land and improvements for parcels 155 and 210 should have been reduced for the 1992 tax year because the land was improperly classified and because the improvements were entitled to grade and obsolescence adjustments. On November 22, 1996, the State Board issued its final determinations. It made no changes to the land classifications for either parcel, nor did it change the grade or obsolescence for either improvement.

On January 3, 1997, Walker initiated an original tax appeal of the State Board's final determinations on its 131 and 133 Petitions. A trial was held on September 2, 1998. The Court heard oral arguments on February 25, 1999. Additional facts will be supplied when necessary.[8]

## ANALYSIS AND OPINION

### Standard of Review

 This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. *Thousand Trails, Inc. v. State Bd. of Tax Comm'rs*, 757 N.E.2d 1072, 1075 (Ind.Tax Ct.2001). This Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

 Furthermore, a taxpayer who appeals to this Court from a State Board final determination bears the burden of showing that the final determination was invalid. *Id.* The taxpayer must present a prima facie case by submitting probative evidence, i.e., evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient. *Id.* Once the taxpayer presents a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and support its findings with substantial evidence. *Id.*

### Discussion

### I. Subject Matter Jurisdiction [9]

 The Indiana legislature has expressly provided that "[i]f a taxpayer fails to comply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND.CODE § 33-3-5-11(a); *Thousand Trails*, 757 N.E.2d at 1075—76. A taxpayer may file a 133 Petition when it discovers an error that "can be corrected without resort to subjective judgment and according to objective standards[.]" *Hatcher v. State Bd. of Tax Comm'rs*, 561 N.E.2d 852, 857 (Ind.Tax Ct.1990). If the State Board denies a taxpayer's 133 Petition, the taxpayer may appeal that denial, but it must do so by initiating an original tax appeal within for-

Walker believed the correct assessments should have been.

8. The record often fails to clearly distinguish between parcels 155 and 210. Consequently, the record is filled with considerable ambiguity. Because parties are entitled to have their cases dealt with meaningfully, it is incumbent upon counsel to clearly present the facts. *Whitley Products, Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1121 n. 16 (Ind. Tax Ct.1998), *review denied* (instructing tax-

payers and the State Board to bear in mind that judicial review is facilitated when there is a well-developed factual record for the Court to examine).

9. The parties have not raised the issue of the Court's subject matter jurisdiction. Nevertheless, the Court may raise the issue sua sponte. *Thousand Trails, Inc. v. State Bd. of Tax Comm'rs*, 757 N.E.2d 1072, 1075 n. 5 (Ind. Tax Ct.2001).

ty-five days of receiving the State Board's notice of its final determination. Ind.Code § 6–1.1–15–5(c)—(d) (1998); *see also Indiana Model Co., Inc. v. State Bd. of Tax Comm'rs*, 639 N.E.2d 695, 698 (Ind. Tax Ct.1994) (finding that Indiana Code Section 6–1.1–15–5 imposes a jurisdictional time limit on a taxpayer initiating an original tax appeal).

This Court dismissed Walker's 133 Petitions for the 1989–91 tax years for the lack of subject matter jurisdiction because Walker did not timely initiate its tax appeal. *Walker Mfg.*, Nos. 49T10–9401–TA–00009 & 49T10–9401–TA–00011, *slip op.* at 1–3. Walker, having re-filed the same claims in subsequent 133 Petitions for the 1990–91 tax years, is back before the Court. In regards to Walker's re-filed 133 Petitions, Walker's tax representative, M. Drew Miller of Landmark Appraisals, Inc., testified as follows:

> Q [Schiff]. Did you file a 133 petition for '89, '90 and '91?
>
> A [Miller]. Yes, we did.
>
> Q. ... And you got a final determination and you didn't appeal, correct?
>
> A. I believe it was appealed.
>
> Q. Where was it appealed to?
>
> A. The Tax Court.
>
> Q. It was appealed to the Tax Court?
>
> A. And I believe it was filed late.
>
> Q. So you were dismissed on it?
>
> A. Correct.
>
> Q. So your remedy was to bring another 133 appeal?
>
> A. [The State Board] still failed to address the issues that we had before

them, but on the other hand picking up what I consider subjective [sic].

> * * * *
>
> Q. What authority, if you know, do you have to bring a second 133 appeal?
>
> A. To my knowledge there isn't any time limit that you can only file one.
>
> * * * *
>
> A. [The 133 Petitions] were appealed twice.
>
> . . . .
>
> Most of it is the same issues that we've discussed today, the lack of features that are assumed present.
>
> . . . .
>
> [W]e were appealing the addition of those [yard] improvements based on being picked up with judgmental considerations without the opportunity to address those subjective areas, as well as the interior components and exterior components that we feel should've been deducted [sic].[10]
>
> Q. But you tried that once and were dismissed?
>
> A. [The State Board] ignored the issues[.]
>
> Q. In other words, you tried to make that appeal to this court and you were dismissed?
>
> A. .... It was dismissed because of a mix-up in the attorney's office [11] and they got filed late.

(Trial Tr. at 42–44 (footnotes added).)

Miller apparently was under the misapprehension that if Walker had missed the forty-five day deadline for initiating an original tax appeal of its claims in its first

---

10. Walker made the following claim in both its subsequent 133 Petitions: "Current assessment includeds [sic] amounts for features which ... are not present in the subject property. Changes were made on a correction of error form which included judgmental issues [sic] and should not have been changed." (Joint Ex. 1.)

11. The attorney to whom Miller referred is not the attorney representing Walker in the instant case.

133 Petitions, then all it needed to do was to re-file its claims in subsequent 133 Petitions and appeal the State Board's final determination of those petitions within forty-five days. However, if Walker wished to appeal the State Board's final determination of the claims that Walker made in its first batch of 133 Petitions, then the law required Walker to initiate an original tax appeal within forty-five days of receiving the State Board's final determination of those claims. *See* I.C. § 6–1.1–15–5(c)–(d); *Indiana Model Co.*, 639 N.E.2d at 698. The law did not authorize Walker to resurrect its claims by re-filing its 133 Petitions with the BOR, nor did the time limit for initiating an original tax appeal begin anew after Walker re-filed its 133 Petitions. *See* I.C. 6–1.1–15–5(d).

In short, Walker—which has not shown that it raised any new issues in its re-filed 133 Petitions—appears to be trying for a second bite at the apple here. The law, however, provides Walker with no second bite at the apple; when a taxpayer does not comply with the provisions of Indiana Code Section 6–1.1–15–5, then this Court does not have subject matter jurisdiction over the taxpayer's claim. I.C. § 33–3–5–11(a); *Indiana Model Co.*, 639 N.E.2d at 698. *Cf. Lakeview Village, Inc. v. Board of County Commissioners of Johnson County*, 232 Kan. 711, 659 P.2d 187, 197 (1983) (holding that time limit for initiating a tax appeal under Kansas jurisdictional statute was a "limitation[ ] upon the right itself, so that when time expires, the right to bring such an action is extinguished"); *Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453, 458 (1938) ("holding that when a statute which creates a right of action expressly limits the

time in which suit to enforce the right may be brought, ... limitation of the remedy is a limitation of the right."). The fact remains that pursuant to Indiana Code Section 6–1.1–15–5, Walker did not timely appeal the State Board's final determination of the claims Walker raised in its first batch of 133 Petitions. Thus, the Court does not have subject matter jurisdiction over those claims regardless whether Walker re-filed them in subsequent 133 Petitions.[12]

Were the Court to hold otherwise, Walker would be able to confer subject matter jurisdiction on this Court after it has already dismissed Walker's claims for the lack of subject matter jurisdiction. No party, however, can confer subject matter jurisdiction on this Court. *Lake County Council v. State Bd. of Tax Comm'rs*, 706 N.E.2d 270, 274 (Ind.Tax Ct.1999), *reversed on other grounds*. Moreover, were the Court to hold otherwise, it would nullify the forty-five day time limit for initiating an original tax appeal of a State Board final determination of a 133 Petition. This Court presumes that the legislature did not intend to enact a nullity when it provided for the forty-five-day time limit for initiating an original tax appeal from a State Board final determination under Indiana Code Section 6–1.1–15–5(d)(1). *See City Securities Corp. v. Dep't of State Revenue*, 704 N.E.2d 1122, 1126 (Ind.Tax Ct.1998) (holding that the Court will not interpret the law in such a way as to render a jurisdictional statute a nullity); *Hatcher v. Indiana State Bd. of Tax Comm'rs*, 561 N.E.2d 852, 856 (Ind.Tax Ct.1990) (refusing to interpret the real property tax appeal process in such a way as to render meaningless a limitation on

---

**12.** Taxes are due in May of the year following an assessment; therefore, Walker's subsequent 133 Petition for the 1990 tax year was also untimely because Walker did not file it until September 1994—approximately five months after the three-year time limit for requesting a refund for the 1990 tax year. *See* IND.CODE §§ 6–1.1–22–9(a); 6–1.1–26–1(2); IND. ADMIN. CODE tit. 50, rr. 4.2–3–12(g)(4); 4.2–3–14(f) (1992).

the time to initiate an original tax appeal). Accordingly, the Court again DISMISSES Walker's appeal of its 133 Petitions for the lack of subject matter jurisdiction.

## II. 1992 Assessment of Parcels 155 & 210

The Court now considers whether Walker presented a prima facie case showing that the assessments of the parcel 155 and 210 land and improvements for the 1992 tax year should be reduced because the land for both parcels was improperly classified and because the improvements are entitled to grade and obsolescence adjustments. Walker argues that, regarding these issues, the State Board did not support its findings with substantial evidence. The State Board responds that Walker did not present any probative evidence in support of its claims.

Before the State Board's duty to support its findings with substantial evidence is triggered, a taxpayer must satisfy its burden by submitting probative evidence sufficient to establish a prima facie case. *Thousand Trails,* 757 N.E.2d at 1075. In this case, Walker's evidence for both parcels consisted of Miller's "Assessment Review and Analysis" (Analysis) for each parcel. (Pet'r Exs. 1–2.)

### A. Land Classification

■ The State Board's rules classify land as primary, secondary, or undeveloped, which affects the land's assessed value. IND. ADMIN. CODE tit. 50, r. 2.1–4–2(f) (1992); *White Swan Realty v. State Bd. of Tax Comm'rs,* 712 N.E.2d 555, 561 (Ind. Tax Ct.1999), *review denied.* As for the classification of the land for parcel 155, Miller stated the following in his Analysis:

The land should be classified and priced as follows:

| | |
|---|---|
| 2.7 Acres Primary @ $5,000 = | $13,500 |
| 7.3 Acres Undeveloped = | 10,950 |
| | |
| TOTAL TRUE TAX VALUE LAND | $24,450 |

(Pet'r Ex. 2.) As for the classification of the land for parcel 210, Miller stated the following in his Analysis:

The land should be classified and priced as follows:

| | |
|---|---|
| 1.8 Acres Primary @ $5,000 = | $14,000 |
| 2.6 Acres Secondary @ $3,500 = | 9,100 |
| 6.42 Acres Undeveloped @ $1,500 = | 9,630 |
| | |
| TOTAL TRUE TAX VALUE LAND | $32,730 |

(Pet'r Ex. 1.) Miller's contentions are merely conclusory because he did not explain how he arrived at these subtotals or totals. Conclusory statements do not constitute probative evidence; consequently, Miller's contentions are not probative evidence. *See Miller Structures, Inc. v. State Bd. of Tax Comm'rs,* 748 N.E.2d 943, 953 (Ind.Tax Ct.2001).

### B. Grade

■ In general, every improvement's materials, design, and workmanship are collectively assigned a grade from A to E, which represents a numeric multiplier that raises or lowers an improvement's assessed value. IND. ADMIN. CODE tit. 50, r. 2.1–4–3(f) (1992). For structures with a grade of B, C, or D that qualify for intermediate grade levels, the State Board's rules provide for a +1, +2, –1, or –2 designation suffixed to the grade designation. *Id.* Grades that fall below an E are indicated by a –1 through a –4 suffixed to the grade designation. *Id.* Grades that fall above an A are indicated by a +1 through a +10 suffixed to the grade designation. *Id.*

For parcel 155, Miller stated in his Analysis that

[t]he subject property is substantially inferior to the base model as described in the assessment manual. In addition, the subject lacks features that are included in base price such as partitioning, type of heat and type of lighting as well as the construction material of the exterior walls. To adjust for these discrep-

ancies, a grade no higher than a D or 80% factor should be applied. (Pet'r Ex. 2.) Miller also attached to the Analysis the value schedules for three putatively comparable properties located in Waterloo, Kendallville, and Evansville, Indiana, respectively, but offered no explanation of these schedules. (Pet'r Ex. 2.) As for Walker's request for a grade adjustment for parcel 210, Miller stated in his Analysis that "[t]he subject property is substantially inferior to the base model as described in the assessment manual. To adjust for these differences in quality of materials and workmanship, a grade no higher than D–1 or a 70% factor should be applied." (Pet'r Ex. 1.) Miller also attached to this Analysis the value schedule of a putatively comparable property located in New Paris, Indiana, but offered no explanation of the schedule. Again, Miller presented nothing here but conclusory statements because he neither cited to any State Board rule on grade that would support his conclusions as to the appropriate grade for each improvement nor did he explain the significance of the attached value schedules. *See Miller Structures,* 748 N.E.2d at 953, 954. Accordingly, Miller's contentions do not constitute probative evidence of grade.

### C. Obsolescence

■ The State Board's rules define obsolescence as a functional or economic loss of value. IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992). As for an obsolescence adjustment for parcel 155, Miller stated in his Analysis that "[t]he subject suffers from the following highlighted causes of obsolescence depreciation. To adjust of [sic] this 'loss in value' 30% obsolescence deprecia-

tion should be applied." (Pet'r Ex. 2.) As for an obsolescence adjustment for parcel 210, Miller stated in his Analysis that "[o]bsolescence depreciation *may* need to be applied if 'reproduction cost' exceeds 85% of market cost." (Pet'r Ex. 1 (emphasis added).) Miller neither explained what the highlighted causes of obsolescence were for parcel 155, nor did he cite any State Board rule for the novel proposition that an obsolescence adjustment may need to be applied where an improvement's reproduction cost exceeds its market cost by eighty-five percent. Miller's claims therefore are merely conclusory and not probative of obsolescence. *See Miller Structures,* 748 N.E.2d at 954.

Because Walker presented no probative evidence, it did not make a prima facie case as to land classification, grade, or obsolescence. As a result, the State Board's duty to support its findings with substantial evidence was not triggered. *Thousand Trails,* 757 N.E.2d at 1075. Accordingly, the Court AFFIRMS the State Board's final determination of Walker's 131 Petitions.

### CONCLUSION

For the foregoing reasons, the Court DISMISSES Walker's 133 Petitions for the lack of subject matter jurisdiction and AFFIRMS the State Board's final determination of Walker's 131 Petitions.