**EASTGATE PARTNERSHIP,**
Petitioner,

v.

**DEPARTMENT OF LOCAL GOVERNMENT FINANCE,[1] Respondent.**

**No. 49T10 9810–TA–117.**

Tax Court of Indiana.

Dec. 17, 2002.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the Legislature abolished the State Board as of December 31,

Joseph D. Geeslin, Jr., Attorney at Law, Indianapolis, IN, Attorney for Petitioner.

2001. Pub.L. No. 198–2001, § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF) and the Indiana Board of Tax Review (Indiana Board). IND.CODE §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); Pub.L. No. 198–2001, §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001) (eff.2002); Pub.L. No. 198–2001, § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. See also Pub.L. No. 198–2001, § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Steve Carter, Attorney General of Indiana, Vincent S. Mirkov, Deputy Attorney General, Indianapolis, IN, Attorneys for the Respondent.

FISHER, J.

Eastgate Partnership (Eastgate) appeals the final determination of the State Board of Tax Commissioners (State Board) valuing its land for the 1989 general reassessment. The issue before the Court is whether Eastgate made a prima facie case showing that its land should have been assessed from the "Township–Other" portion of the Marion County Land Valuation Order (land order). For the reasons given below, the Court AFFIRMS the State Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Eastgate owns two contiguous parcels of land (parcels) in Warren Township, Marion County, Indiana. The parcels are the site of a Marriott Inn located on 21st Street in Indianapolis. Eastgate's property is situated approximately in the middle of a row of six properties that included hotels, motels, and a restaurant. All six properties are bounded on the west by Shadeland Avenue, on the north by Interstate–70, on the east by Interstate–465, and on the south by 21st Street.

In 1990, Eastgate appealed the 1989 reassessment of its parcels, first to the Marion County Board of Review, then to the State Board. In July 1997, the State Board issued a final determination on Eastgate's appeal, valuing Eastgate's land under the land order's "Township–Other" designation. Under that designation, Eastgate's primary land was valued at

$1.50 per square foot and its secondary land at $1.05 per square foot. Within days, the Marion County Executive filed a request for a rehearing under the provisions of Indiana Code Section 6–1.1–15–5(a).[2] The State Board granted the request and, after conducting a second hearing, issued a final determination on October 9, 1997. The Final Determination stated:

> The Marion County Land Order for Warren Township page 67, values the land on Shadeland Avenue from I–70 south to Washington Street intersection at a primary range of $3.00 to 4.00 per square foot. After reviewing the specific geographic area in question on 21st Street east of Shadeland Avenue, it is determined properties similar in use to the subject except one parcel are valued at $3.00 per square foot. It should also be noted that properties on 21st Street west of Shadeland Avenue are also valued at $3.00 per square foot.

(Pet'r Ex. B at 14.) Thus, the State Board increased the value of Eastgate's primary land from $1.50 to $3.00 per square foot and increased the value of its secondary land from $1.05 to $2.10 per square foot.

Eastgate appealed the State Board's final determination to this Court. The Court remanded the matter to the State Board on March 6, 1998 pursuant to the parties' agreement. On July 21, 1998, the State Board held a third hearing and, on August 17, 1998, issued a final determination affirming its valuation of Eastgate's parcels. On October 1, 1998, Eastgate initiated an original tax appeal. On May 19, 1999, this Court held a trial. On February 24, 2000, the parties presented oral

---

**2.** "Within fifteen (15) days after the state board of tax commissioners gives notice of its final determination under section 4 of this chapter, the county executive may, upon the request of the county assessor, request a rehearing before the board." IND.CODE § 6–1.1–15–5(a) (1993).

arguments. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. *Walker Mfg. Co. v. Dep't of Local Gov't Fin.*, 772 N.E.2d 1, 4 (Ind. Tax Ct.2002). This Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

■ Furthermore, a taxpayer who appeals to this Court from a State Board final determination bears the burden of showing that the final determination was invalid. *Id.* The taxpayer must present a prima facie case by submitting probative evidence, i.e., evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient. *Id.* "Once the taxpayer carries the burden of establishing a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substan-

tial evidence." *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

### Discussion

■ The sole issue is whether Eastgate made a prima facie case showing that its land should have been assessed from the "Township–Other" portion of the land order. Eastgate argues that because its land was on 21st Street, not Shadeland Avenue, and because the land order had no specific 21st Street designation, its land should have been valued under the designation of "Township–Other" at $1.50 and $1.05 per square foot for primary and secondary land, respectively. Eastgate is mistaken.

A land order is a set of land values used to assess real property.[3] These land values are expressed as ranges of "base rates" that are applied to various geographic areas delineated within the land order. *See* IND. ADMIN. CODE tit. 50, r. 2.1–2–1(a) (1992) (repealed 1995). The two areas at issue in the instant case are a Shadeland Avenue designation and a "Township—Other" designation, which are found in Section V on pages 67–68 of the land order:

| Area | Primary | | Secondary | |
| --- | --- | --- | --- | --- |
| | Low Value | High Value | Low Value | High Value |
| Shadeland Av, S. of I–70 to Washington St. Intersec | 3.00 | 4.00 | 2.10 | 2.80 |

\* \* \*

| Area | Primary | | Secondary | |
| --- | --- | --- | --- | --- |
| | Low Value | High Value | Low Value | High Value |
| Township—other | 1.00 | 3.00 | .70 | 2.10 |

3. For the 1989 general reassessment, land orders were promulgated by county land valuation commissions and adopted as rules after review by the State Board. IND.CODE §§ 6–1.1–4–13.6 (1993); IND. ADMIN. CODE tit. 50, r. 2.1–2–1(a) (1992) (repealed 1995). In 1997, the Indiana Legislature placed the determination of land values for the next general reassessment under the purview of township assessors. Pub.L. No. 6–1997, § 15 (codified as amended at IND.CODE ANN. § 6–1.1–4–13.6 (West Supp.2002)).

(Pet'r Ex. L.)

Eastgate claims that its land should have been designated as "Township–Other" and relies on this Court's holding in *The Precedent v. State Bd. of Tax Comm'rs,* 659 N.E.2d 701 (Ind. Tax Ct.1995). In *The Precedent,* this Court held that the State Board was required to assess the taxpayer's land under the catchall "Township–Other" designation of the land order because the taxpayer's land fell outside any area described in the land order. *See The Precedent,* 659 N.E.2d at 704–6. *The Precedent,* however, is distinguishable from the instant case.

Here, Eastgate's land *is* covered by a portion of the land order-the section designating land in the geographic area of Shadeland Avenue south of I–70 to the Washington Street intersection. (*See* Pet'r Ex. L.) Shadeland Avenue roughly divides that area into two halves. The eastern half is clearly bounded by I–465, and the western half is clearly bounded by a residential neighborhood. (*See* Pet'r Exs. C1 & C2.) Eastgate's land falls within that area. Thus, the State Board properly assessed Eastgate's land under the Shadeland Avenue portion of the land order instead of the "Township–Other" designa-

tion.[4] The Court, therefore, AFFIRMS the final determination of the State Board.

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the State Board's final determination.

---

4. Indeed, the record indicates that all the properties directly to the east and west of Eastgate's property were assessed at $3.00 and $2.10 per square foot for primary and secondary land, respectively. Although Eastgate showed that a property directly next door to it had been valued at $1.50 and $1.05 per square foot for primary and secondary land, the State Board rebutted by evidence showing that the valuation was erroneous and that steps had been taken to equalize the land's value relative to the surrounding properties. Eastgate never refuted the State Board's showing on this matter.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the Legislature abolished the State Board as of December 31,

2001. Pub.L. No. 198–2001, § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF) and the Indiana Board of Tax Review (Indiana Board). IND.CODE §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); Pub.L. No. 198–2001, §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND CODE § 6–1.5–5–8 (West Supp.2001) (eff. 2002); Pub.L. No. 198–2001, § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. *See also* Pub.L. No. 198–2001, § 117. Although the DLGF has been substituted as the Respon-