**BETA STEEL CORPORATION, COMPANY, Successor in Merger with Petitioner,**

v.

**DEPARTMENT OF LOCAL GOVERNMENT FINANCE,[1] Respondent.**

No. 71T10–9801–TA–14.

Tax Court of Indiana.

Dec. 20, 2002.

---

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the Legislature abolished the State Board as of December 31,

2001. Pub.L. No. 198–2001, § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF) and the Indiana Board of Tax Review (Indiana Board). Ind.Code §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); Pub.L. No. 198–2001, §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. Ind Code § 6–1.5–5–8 (West Supp.2001) (eff. 2002); Pub.L. No. 198–2001, § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. *See also* Pub.L. No. 198–2001, § 117. Although the DLGF has been substituted as the Respon-

Timothy D. Hernly, James A. O'Brien, Philip J. Faccenda, Jr., Barnes & Thornburg, South Bend, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Beta Steel Corporation (Beta Steel) appeals the final determination of the State Board of Tax Commissioners (State Board) denying its Form 137R Petition for Survey and Reassessment (Form 137R). The dispositive issue is whether the State Board erred in determining that a substantial amount of Beta Steel's real and personal property had not been destroyed based on the comparative assessed value of Beta Steel's destroyed property to the gross assessed value of all property in

dent, this Court will still reference the State Board throughout this opinion.

Portage Township. For the reasons stated below, the Court REVERSES the State Board's final determination and REMANDS this issue to the Indiana Board of Tax Review (Indiana Board)[2] for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

Beta Steel operates a steel mill in Portage Township, Porter County, Indiana. On March 27, 1996, a pressure vessel exploded in the mill, blowing a hole in the roof. Fragments of the pressure vessel landed several hundred yards away, causing property damage to at least thirty nearby businesses. Several of Beta Steel's employees were injured, and one employee was killed. In all, 15% of Beta Steel's real property and 20% of its personal property was destroyed as a result of the explosion, and the mill was closed for several months.

On September 24, 1997, Beta Steel filed a Form 137R with the State Board and requested a hearing. The State Board declined to hold a hearing, and on December 18, 1997, issued a final determination on Beta Steel's Form 137R. In its final determination, the State Board found that the loss in assessed value from the explosion to Beta Steel's property was $2.3 million. The State Board further found that the total assessed gross valuation of all property in Porter Township was $371 million. The State Board concluded that because the value of Beta Steel's destroyed property represented only 0.6% of the total gross assessed value of all property in Portage Township, a substantial amount of property had not been destroyed. Accordingly, the State Board denied any disaster relief to Beta Steel.

On January 29, 1998, Beta Steel initiated an original tax appeal. The parties jointly stipulated to the evidence, and on May 25, 1999, the Court held a trial. At trial, the parties waived the filing of post trial briefs, and the Court took the matter under advisement. Additional facts will be provided as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. *Walker Mfg. Co. v. Dep't of Local Gov't Fin.*, 772 N.E.2d 1, 4 (Ind. Tax Ct.2002). This Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

■ A taxpayer who appeals to this Court from a State Board final determination bears the burden of showing that the final determination is invalid. *Id.* The taxpayer must present a prima facie case by submitting probative evidence, i.e., evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient. *Id.* "Once the taxpayer carries the burden of establishing a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence." *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

### Discussion

■ This case raises an issue of first impression, namely, whether the State

2. All cases that would have previously been remanded to the State Board are now remanded to the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.1–15–8. Final determinations made by the Indiana Board are subject to review by this Court pursuant to Indiana Code § 6–1.1–15. IND. CODE §§ 6–1.5–5–7; 33–3–5–2.

Board erred by determining that a substantial amount of a taxpayer's real and personal property had not been destroyed based on the comparative value of its destroyed property to the gross assessed value of all property in the township in which the taxpayer's property was located. The controlling statute is Indiana Code Section 6–1.1–4–11, which provides:

> If a *substantial amount* of real and personal property in a township has been partially or totally destroyed as a result of a disaster, the state board of tax commissioners shall:
>
> > (1) cause a survey to be made of the area or areas in which the property has been destroyed; and
> >
> > (2) order a reassessment of the destroyed property;
>
> if a person petitions the department to take that action.

Ind. Code § 6–1.1–4–11(a) (1998) (emphasis added). The State Board argues that a "substantial amount" of property is not destroyed until the assessed value of the destroyed property exceeds 1% of the gross assessed value of all property in a township. Beta Steel, on the other hand, argues that Indiana Code Section 6–1.1–4–11 does not provided for a comparison of assessed property values within a township in order to determine whether a "substantial amount" of property has been destroyed.

This Court will construe terms within a statute only if they are ambiguous. *Shoup Buses, Inc. v. Indiana Dep't of State Revenue*, 635 N.E.2d 1165, 1167 (Ind. Tax Ct.1994). "Although a simple disagreement between parties does not necessarily indicate ambiguity, opposing interpretations are persuasive in suggesting that an ambiguity exists." *Id.* at 1168. In construing a statute, the Court's goal is to determine and give effect to the Legislature's intent. *Id.* "To accomplish this, the [C]ourt gives statutory words and phrases their plain, ordinary, and usual meaning[.]" *Id.* (internal quotation marks and punctuation omitted).

Nothing in the language of Indiana Code Section 6–1.1–4–11 indicates that the determination to afford disaster relief is made by comparing the assessed value of destroyed property to the gross assessed value of all property in a township. Indeed, nothing in the language of the statute provides for disaster relief on the basis of *any* comparative determinations whatsoever. Rather, the determination of disaster relief is based on a finding that: (1) a disaster has occurred, (2) the disaster partially or totally destroyed real and personal property in a township, and (3) a substantial amount of property was destroyed. I.C. § 6–1.1–4–11.

▮ Here, the parties agree that the explosion at Beta Steel was a disaster that resulted in the partial destruction of Beta Steel's real and personal property in Portage Township. The only issue is whether a "substantial amount" of Beta Steel's property was destroyed. The State Board argues that the phrase "substantial amount" is synonymous with "substantial value," [3] but the State Board has ignored

---

3. The State Board purports to have a rule that interprets "substantial amount" to mean when (1) the assessed value of the destroyed property exceeds 1% of the gross assessed value of all township property or (2) the disaster causes damage to more than one taxpayer's property within a township. (Trial Tr. at 9.) This rule, however, was unknown to the public prior to this litigation. This Court gives no deference to unpublished, secret rules. *See Harrington v. State Bd. of Tax Comm'rs*, 525 N.E.2d 360, 361–62 (Ind. Tax Ct.1988) (holding that a lack of ascertainable standards in State Board rules violates a taxpayer's right to due process). Consequently, the Court finds no merit in the State Board's

the plain and ordinary meaning of the word "amount."

Where a word in a statute is undefined by statute or case law (as it is in this instance), the Court gives the word its plain and ordinary meaning; the Court may do so by referring to a dictionary. *May Dept. Stores Co. v. Indiana Dep't of State Revenue*, 749 N.E.2d 651, 661 (Ind. Tax Ct.2001). Here, the statute refers to an "amount" of property. I.C. § 6–1.1–4–11. The plain and ordinary meaning of "amount" is "quantity." *See* WEBSTER'S THIRD INTERNATIONAL DICTIONARY 72 (1981). Accordingly, the phrase "substantial amount" in Indiana Code Section 6–1.1–4–11 is synonymous with "substantial quantity," not "substantial value."

Because the State Board made its final determination on Beta Steel's Form 137R based on the assessed value of Beta Steel's property relative to that of the entire township, the State Board's final determination was arbitrary, capricious, and contrary to law. The Court therefore REVERSES the State Board's final deter-

mination and REMANDS this issue to the Indiana Board to determine whether a substantial amount of *Beta Steel's* real and personal property was destroyed by the disaster. If the Indiana Board determines that a substantial amount of Beta Steel's property was destroyed, it shall order a survey and reassessment of the affected property pursuant to Indiana Code Section 6–1.1–4–11.[4]

## CONCLUSION

For the reasons stated, the Court REVERSES the State Board's final determination on Beta Steel's Form 137R and REMANDS this issue to the Indiana Board for further proceedings consistent with this opinion.

---

unpublished and secret "rule" for determining a taxpayer's eligibility for disaster relief. *See id.*

4. In *Scheid v. State Bd. of Tax Comm'rs*, 560 N.E.2d 1283 (Ind. Tax Ct.1990), the issue was the meaning of the word "disaster" in Indiana Code Section 6–1.1–4–11. *Scheid*, 560 N.E.2d at 1286. The issue arose because the term was not defined by statute or case law, and the State Board had not promulgated any rule or public policy statement interpreting

Indiana Code Section 6–1.1–4–11. Twelve years later, no rule or public policy statement has been promulgated interpreting Indiana Code Section 6–1.1–4–11. Consequently, should the DLGF choose someday to publicly interpret Indiana Code Section 6–1.1–4–11, its interpretation must comport with existing case law on Indiana Code Section 6–1.1–4–11. *See Centrium Group v. State Bd. of Tax Comm'rs*, 599 N.E.2d 242, 243 (Ind. Tax Ct.1992) (holding that the Court will reverse the State Board when it acts contrary to law).