**1 STOP AUTO SALES, INC., Petitioner,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–9809–TA–108.**

Tax Court of Indiana.

March 31, 2003.

B. Keith Shake, Henderson Daily, Withrow & Devoe, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON PETITION
## FOR REHEARING

FISHER, J.

In its petition for rehearing, 1 Stop Auto Sales, Inc. (1 Stop) requests the Court to reconsider Parts I and III of its opinion in *1 Stop Auto Sales, Inc., v. Indiana Dep't of State Revenue*, 779 N.E.2d 614 (Ind. Tax Ct.2002). The Court, being duly advised, holds that 1 Stop shall take nothing by its petition for rehearing on Part I. The Court, however, grants 1 Stop's petition for rehearing on Part III in order to clarify its holding in *1 Stop*.

## PROCEDURAL HISTORY
## AND ANALYSIS

As the Court previously explained in *1 Stop Auto Sales*, 1 Stop is an Indiana corporation that sells vehicles to the public on a "buy-here-pay-here" basis, which means that purchasers of 1 Stop's vehicles (Consumers) may purchase a vehicle under an installment contract with no money down. In these instances, 1 Stop does not collect sales tax from the Consumers on the purchase price of the vehicle at the time of the sale. Rather, it loans the sales tax to the Consumers then remits the entire amount of sales tax due to the Department. In turn, when 1 Stop collects payments from the Consumers, it applies a pro-rata share of each payment to cover the sales tax it previously remitted to the Department.

From time to time, the Consumers default on their contracts with 1 Stop. 1 Stop characterizes the outstanding receivables from these contracts as uncollectible, or bad debt. In this case, the Department denied 1 Stop's attempt to deduct its bad debt from its gross retail income under Indiana Code Section 6–2.5–6–9, Indiana's "Bad Debt" statute, for the 1994–1997 tax years.[1] The Court, however, held that 1 Stop was entitled to a bad debt deduction and that its deduction must equal its Indiana uncollectible receivables that "were *written off* as an uncollectible debt for federal tax purposes during the particular reporting period." *1 Stop Auto Sales*, 779 N.E.2d at 621 (citing IND.CODE § 6–2.5–6–9(a)(3) (1998) (emphasis added)).

1 Stop seeks a rehearing because under federal accounting procedure, it was required to offset its federal bad debt deduction by the value of the vehicles it repossessed. In so doing, 1 Stop's federal bad debt deduction was virtually eliminated because the aggregate value of the vehicles it repossessed for the years at issue nearly equaled the amount it deducted as federal bad debt. 1 Stop argues that if its Indiana bad debt deduction must equal its federal bad debt deduction, it will receive little to no relief from its Indiana bad debt under the Bad Debt statute. (Petition for Reh'g at 3–4.)

Indiana Code Section 6–2.5–6–9(a)(3) provides that a retail merchant's bad debt deduction must equal its Indiana uncollectible receivables that were "written off" as bad debt for federal tax pur-

---

1. Indiana's Bad Debt statute provides that retail merchants who remit Indiana sales tax on uncollectible receivables can deduct such receivables from their gross retail income.

*Chrysler Fin. Co., LLC, v. Indiana Dep't of State Revenue*, 761 N.E.2d 909, 914 (Ind. Tax Ct.2002).

poses. I.C. § 6–2.5–6–9(a)(3). The Legislature has not defined the phrase "written off." However, "[w]here a word in a statute is undefined by statute or case law . . . , the Court gives the word its plain and ordinary meaning; the Court may do so by referring to a dictionary." *Beta Steel Corp. v. Dep't of Loc. Gov't Fin.,* 780 N.E.2d 439, 443 (Ind. Tax Ct.2002). A "write off" is not a "deduction." Indeed, to "write off" an item means "[t]o remove (an asset) from the books, esp. as a loss or expense[.]" BLACK'S LAW DICTIONARY 1603 (7th ed.1999). To deduct an item, however, means to subtract it from gross income or adjusted gross income when calculating taxable income. *Subaru–Isuzu Automotive, Inc. v. Indiana Dep't of State Revenue,* 782 N.E.2d 1071, 1071 (Ind. Tax Ct.2003).

The plain language of Indiana Code Section 6–2.5–6–9(a)(3) allows 1 Stop to deduct the amount of its uncollectible Indiana receivables that were *"written off* as an uncollectible debt for federal tax purposes during the particular reporting period." I.C. § 6–2.5–6–9(a)(3) (emphasis added).

Thus, for the purposes of Indiana's Bad Debt statute, 1 Stop may deduct an amount equal, in part, to the amount of its uncollectible Indiana receivables it removed from its books as a loss for federal tax purposes, not merely the amount it deducted as federal bad debt.

## CONCLUSION

For the reasons stated, 1 Stop shall take nothing by its petition for rehearing on Part I of *1 Stop Auto Sales.* The Court GRANTS 1 Stop's Petition for Rehearing on part III of *1 Stop Auto Sales.*

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be entered accordingly.

SO ORDERED this 31st day of March, 2003.