**Park STECKLEY I, Petitioner,**

v.

**DEPARTMENT OF LOCAL GOVERN-
MENT FINANCE,[1] Respondent.**

No. 49T10–0107–TA–50.

Tax Court of Indiana.

Dec. 17, 2002.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the Legislature abolished the State Board as of December 31, 2001. Pub.L. No. 198–2001, § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF) and the Indiana Board of Tax Review (Indiana Board). IND.CODE §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); Pub.L. No. 198–2001, §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001) (eff. 2002); Pub.L. No. 198–2001, § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. *See also* Pub.L. No. 198–2001, § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Douglas J. DeGlopper, Attorney at Law, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Park Steckley I (Park Steckley) appeals the final determination of the State Board of Tax Commissioners (State Board) valuing its two commercial parcels as of the March 1, 1997 assessment date. The issue before the Court is whether the State Board erred in valuing Park Steckley's land at $180,000 per acre. For the reasons given below, the Court REVERSES the State Board's final determination.

### FACTS AND PROCEDURAL HISTORY

Park Steckley owns two parcels of commercial land in Washington Township, Hamilton County, Indiana. The parcels are in a geographic area bordered on the east by U.S. Highway 31 (U.S.31), on the west by railroad tracks, on the north by

State Road 32, and on the south by 146th Street. Park Steckley's land does not, however, front U.S. 31. Rather, a row of parcels owned by another party lies between Park Steckley's land and U.S. 31.

In accordance with Indiana Code Section 6–1.1–4–13–6 (1993), a Hamilton County land order was promulgated by the Hamilton County land valuation commission and adopted as a rule after review by the State Board. The Washington Township Assessor (Assessor) valued Park Steckley's parcels from the land order at $180,000 per acre. In particular, the Assessor assessed Park Steckley's parcels from the section of the land order for commercial land located in the geographic area of "U.S. 31 Corr from 146th St to St. Rt 32" [sic]. (*See* Admin. R. at 71.) The true tax value under this section of the land order ranged from $30,500 to $350,000 per acre. (Admin. R. at 68.)

Park Steckley appealed the assessment on each of its parcels to the Hamilton County Board of Review (BOR). On February 5, 1998, the BOR denied Park Steckley's appeals. On February 10, 1998, Park Steckley appealed its assessment to the State Board. The only issue Park Steckley raised was whether its land was properly valued pursuant to the land order. On May 17, 2001, the State Board issued a final determination affirming Park Steckley's assessment.

On July 2, 2001, Park Steckley initiated an original tax appeal. In January 2002, the parties stipulated the evidence in this case and briefed the issues in lieu of a trial. On November 1, 2002, the parties presented oral arguments. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. *Walker Mfg. Co. v. Dep't of Local Gov't Fin.*, 772 N.E.2d 1, 4 (Ind. Tax Ct.2002). This Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

■ A taxpayer who appeals to this Court from a State Board final determination bears the burden of showing that the final determination is invalid. *Id.* The taxpayer must present a prima facie case by submitting probative evidence, i.e., evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient. *Id.* "Once the taxpayer carries the burden of establishing a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and justify its decision with substantial evidence." *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

### Discussion

■ The sole issue is whether the State Board properly valued Park Steckley's parcels pursuant to the land order. Park Steckley argues that because its parcels are located *west* of land that fronts U.S. 31, the State Board should have assessed its parcels from the section of the land order for commercial land located *west* of the U.S. 31 corridor. The State Board argues, however, that Park Steckley's land was appropriately valued from the section of the land order applicable to parcels located *within* the area of the U.S. 31 corridor.

■ A land order is a set of land values used to assess real property. These land values are expressed as ranges of "base rates" that are applied to various geo-

graphic areas delineated within the land order. *See* IND. ADMIN. CODE tit. 50, rr. 2.2–4–4 (1996) (repealed 1998); 2.2–4–17(a) (2001). In this case, the Assessor valued Park Steckley's land at $180,000 per acre using the following section of the land order:

| Area | Primary Low Value | High Value |
|---|---|---|
| US 31 Corr from 146th St. to St. Rt 32 | 30500 | 350000 |

(*See* Admin. R. at 68.) Park Steckley argues that the Assessor used the wrong section. Rather, Park Steckley contends that the Assessor should have used the section that stated:

| Area | Primary Low Value | High Value |
|---|---|---|
| W. of U.S. 31 Corr to RR tracks from 146th St to St. Rt 32 | 21800 | 152500 |

(*See* Admin. R. at 68.) The crux of Park Steckley's argument is that because the State Board has not defined what comprises the U.S. 31 corridor, the reference to the U.S. 31 corridor in both sections of the land order creates an ambiguity as to whether Park Steckley's land is within or to the west of the U.S. 31 corridor. The Court agrees.

▆▆▆▆ Because land orders are administrative rules, they are subject to the same rules of construction as statutes. *Poracky v. State Bd. of Tax Comm'rs*, 635 N.E.2d 235, 236 (Ind. Tax Ct.1994). Thus, this Court will construe terms within a land order only if they are ambiguous. *See Zakutansky v. State Board of Tax Comm'rs*, 758 N.E.2d 103, 108 (Ind. Tax Ct.2001). When terms within a land order are susceptible to more than one interpretation, they are ambiguous. *See May Dep't Stores Co. v. Indiana Dep't of State Revenue*, 749 N.E.2d 651, 658 (Ind. Tax Ct.2001). "Although a disagreement between the parties does not necessarily indicate ambiguity, opposing interpretations are persuasive in suggesting that an ambiguity exists." *Id.* (internal quotation marks omitted).

▆▆▆▆ In construing a land order, "the first and foremost rule of construction is to ascertain and give effect to the land commission's intent, and the most reliable guide to that intent is the language of the land order itself." *The Precedent v. State Bd. of Tax Comm'rs*, 659 N.E.2d 701, 704 (Ind. Tax Ct.1995). Where the language of a land order is undefined, however, the Court will give the language its plain and ordinary meaning; the Court may do so by referring to a dictionary. *May Dep't Stores*, 749 N.E.2d at 658, 661. The term "corridor" is defined as "a ... narrow passageway or route." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 512 (1981). Given that definition, "a narrow passageway or route" would be a geographic area that includes only those properties fronting a highway that runs down the center of the area. Therefore, Park Steckley's argument that its parcels do not lie within the area of the U.S. 31 corridor, but rather lie in the area immediately west of the U.S. 31 corridor, is persuasive.

The State Board suggests no alternative construction to "corridor," except to say that "[t]he definition of Corridor need not be as limiting as [Park Steckley] states." (Resp't Br. at 6.) This, however, gives no reasonable indication as to what lies within the U.S. 31 corridor and what lies without.[2]

---

2. At oral argument, the Court asked the State Board to explain where west of the corridor began. Counsel responded that the U.S. 31 corridor included "properties being in the proximity and having access to U.S. 31" and that west of the corridor began as "the accessibility and the proximity of U.S. 31 ... begins to diminish." (Oral Argument Tr. at 23–

*See Mechanics Laundry & Supply, Inc. v. Indiana Dep't of State Revenue,* 650 N.E.2d 1223, 1233 (Ind. Tax Ct.1995) (holding that administrative rules must be "written with sufficient precision to give fair warning as to what factors an agency will consider in making an administrative decision").

The State Board attempted to rebut Park Steckley's prima facie case with the Assessor's testimony: "[B]asically we did three things, we reviewed sales, we compared values with surrounding parcels, and we applied those values uniformly and fairly." (Admin. R. at 71; *see also* Resp't Br. at 8 (citing Admin R. at 71).) The State Board also submitted a property record card of a putatively comparable parcel near Park Steckley's land that was valued the same as Park Steckley's parcels. (Admin. R. at 47–48.) Nevertheless, the State Board presented no explanation as to *why* it thought the land was comparable to Park Steckley's. Neither a conclusory statement nor a property record card unaccompanied by an explanation constitutes substantial evidence. *See Damico v. Dep't of Local Gov't Fin.,* 769 N.E.2d 715, 723 (Ind. Tax Ct.2002) (holding that a taxpayer's conclusory, unannotated evidence did not constitute probative evidence).

The Court holds that the Hamilton County land valuation commission intended its reference to "corridor" to include only those lands that front U.S. 31. Park Steckley made a prima facie case showing that its parcels were not in the geographic area of "US 31 Corr from 146th St to St. Rt 32" [sic], but rather were in the geographic area of "W. of U.S. 31 Corr to RR tracks from 146th St to St. Rt 32" [3] [sic]. Because the State Board did not rebut Park Steckley's prima facie case, the Court REVERSES the State Board's final determination and REMANDS this case to the Indiana Board [4] to determine the appropriate assessment of Park Steckley's parcels from page 695 of the land order containing the section for land in the geographic area "W. of U.S. 31 Corr to RR tracks from 146th St to St. Rt 32" [sic].

## CONCLUSION

For the aforementioned reasons, the Court REVERSES the State Board's final determination and REMANDS this case to the Indiana Board for further proceedings consistent with this opinion.

---

24.) Nevertheless, the State Board offered no clear explanation of where "in the proximity of . . . U.S. 31" was, thus, its answer simply begged the Court's question.

3. To avoid disputes over the interpretation of land orders, counties should refrain from using the crabbed shorthand and eccentric abbreviations that typify the land orders this Court has seen.

4. All cases that would have previously been remanded to the State Board are now remanded to the Indiana Board. IND.CODE § 6–1.1–15–8. Final determinations made by the Indiana Board are subject to review by this Court pursuant to Indiana Code § 6–1.1–15. IND.CODE §§ 6–1.5–5–7; 33–3–5–2.