GOODHOST, LLC, Petitioner,

v.

DEPARTMENT OF LOCAL GOVERN-
MENT FINANCE,[1] Respondent.

No. 49T10–9810–TA–131.

Tax Court of Indiana.

April 17, 2003.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the Legislature abolished the State Board as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF) and the Indiana Board of Tax Review (Indiana Board). IND.CODE §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); 2001 Ind. Acts 198 §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001) (eff. 2002); 2001 Ind. Acts 198 § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. See also 2001 Ind. Acts 198 § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Stephen Terrell, James W. Beatty, Landman & Beatty, Indianapolis, IN, Attorneys for Petitioner.

Steve Carter, Attorney General of Indiana, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Goodhost, LLC (Goodhost) appeals the final determination of the State Board of Tax Commissioners (State Board) valuing its real property for the March 1, 1995 assessment. The issue is whether the State Board correctly assessed Goodhost's land under the Marion County Land Order (land order). For the reasons stated below, the Court AFFIRMS the State Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Goodhost owns the American Inn at 82nd Street and I–69 in Marion County, Indiana. The property consists of nineteen, two-story units located on approximately ten acres that are zoned "DP." Goodhost rents eighty percent of the units as low-income apartment housing. Most of Goodhost's tenants do not sign leases, electing instead to pay rent on a weekly or monthly basis. However, a few tenants have signed long-term leases for the apartment housing.

For the 1995 assessment, Goodhost contends that its land was assessed as "hotel/motel land" at $2.50 per square foot. (Pet'r Br. at 1.) Goodhost appealed its assessment to the Marion County Board of Review (BOR), which affirmed Goodhost's assessment. Goodhost then appealed to the State Board, arguing that because the American Inn was used as apartment housing, its land should have been assessed as "apartment land." (*See* Pet'r Br. at 2; Oral Argument Tr. at 6–8, 29–30.) The State Board held a hearing. It issued a final determination on September 14, 1998, denying Goodhost any relief.

On October 23, 1998, Goodhost initiated an original tax appeal. On January 28, 2000, the Court held a trial. The parties presented oral argument on June 28, 2000. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. *Blackbird Farms Apartments, LP v. Dep't of Local Gov't Fin.*, 765 N.E.2d 711, 713 (Ind. Tax Ct.2002). This Court will reverse a final determination of the State Board only when it is unsupport-

ed by substantial evidence, arbitrary, capricious, constitutes an abuse of discretion, or exceeds statutory authority. *Id.*

Furthermore, a taxpayer who appeals to this Court from a State Board final determination bears the burden of showing that the final determination was invalid. *Id.* The taxpayer must present a prima facie case by submitting probative evidence, i.e., evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient. *Id.* Once the taxpayer presents a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and support its findings with substantial evidence. *Id.*

### Discussion

The sole issue is whether the State Board correctly assessed Goodhost's land under the land order. Goodhost argues that under the land order, its land should have been assessed as "apartment land," not "hotel/motel land." (*See* Pet'r Br. at 2; Oral Argument Tr. at 6–8, 29.)

Under Indiana's true tax value system, commercial, residential, and industrial land values are compiled into a "land order." *See* IND.CODE § 6–1.1–4–13.6 (Supp.2002); *Blackbird Farms*, 765 N.E.2d at 713–14. The land values are typically expressed in ranges of "base rates" that assessing officials apply to various geographic areas, subdivisions, or neighborhoods based on their distinguishing characteristics or boundaries. IND. ADMIN. CODE tit. 50, r. 2.2–4–4(c) (1996) (repealed 1998).

To challenge the base rate applied to its land, a taxpayer must present probative evidence showing that either (1)

comparable properties were assessed and taxed differently than its own under the land order or (2) its land was improperly assessed under the wrong section of the land order. *See Park Steckley I v. Dep't of Local Gov't Fin.*, 779 N.E.2d 1270, 1273 (Ind. Tax Ct.2002); *Blackbird Farms*, 765 N.E.2d at 714. Accordingly, when a taxpayer challenges its assessment under a land order, it is essential for the Court to have an opportunity to read and analyze the relevant portion of the applicable land order. In particular, the Court must be able to evaluate the application of the land order to the taxpayer's property or comparable properties—or both—so that it may determine if a remedy is warranted and, if so, its nature and extent. *See Blackbird Farms*, 765 N.E.2d at 711 n. 4. *See also Eastgate P'ship v. Dep't of Local Gov't Fin.*, 780 N.E.2d 435, 438–39 (Ind. Tax Ct.2002) (evaluating different portions of a disputed land order); *Park Steckley*, 779 N.E.2d at 1273 (same).

Goodhost, having the burden of proof in this case, has not provided the Court with a copy of the land order that is the subject of its appeal. (*See* Oral Argument Tr. at 32.) This Court does not have its own copies of land orders, nor is it able to infer what may or may not be in the land order. *See Davidson Indus. v. State Bd. of Tax Comm'rs*, 744 N.E.2d 1067, 1071 (Ind. Tax Ct.2001) (stating that the Court will not make a party's case for it). Consequently, without the opportunity to read and evaluate the land order, this Court is unable to reach the merits of Goodhost's claim. Thus, Goodhost has not made a prima facie case.[2]

---

**2.** Goodhost submitted evidence of nearby properties that it claims are (1) comparable to its own and (2) classified as "apartment land" under the land order. Assuming *arguendo* that the properties are comparable to Goodhost's, this Court cannot determine whether

the same portion of the land order that applies to Goodhost's land also applies to these properties without reading the land order. *See Blackbird Farms Apartments, LP v. Dep't of Local Gov't Fin.*, 765 N.E.2d 711, 711 n. 4 (Ind. Tax Ct.2002). This Court cannot verify

## Conclusion

For the aforementioned reasons, the Court AFFIRMS the State Board's final determination.

whether there are, in fact, different sections of the land order for "hotel/motel land" and "apartment land." Furthermore, the fact that Goodhost's putative comparables are only a short distance from its own land is of no moment. Properties that are literally across the street from each other can receive different assessments under a land order. *See, e.g., Park Steckley I v. Dep't of Local Gov't Fin.*, 779 N.E.2d 1270, 1274 (Ind. Tax Ct.2002). Thus, mere proximity does not give rise to a reasonable inference that different properties were assessed under the same portion of a land order.