Harold G. MUENICH and Michael L. Muenich (as Trustee of the George A. Muenich Trust), Petitioners,

v.

NORTH TOWNSHIP ASSESSOR, Respondent.

No. 49T10–0208–TA–99.

Tax Court of Indiana.

Nov. 14, 2003.

Publication Ordered Dec. 23, 2003.

Michael L. Muenich, Attorney at Law, Highland, IN, Attorney for Petitioners.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The Petitioners, Harold G. Muenich and Michael L. Muenich (as Trustee of the George A. Muenich Trust), appeal from two final determinations of the Indiana Board of Tax Review (Indiana Board) valuing their land for the 1995 assessment year. The issue for the Court to decide is whether the Indiana Board erred in valuing the Muenichs' land.

## FACTS AND PROCEDURAL HISTORY

The Muenichs own two vacant parcels of land in North Township, Lake County, Indiana. The Muenichs rent spaces on the lots to local businesses to use for employee parking.

In accordance with Indiana Code § 6-1.1-4-13.6 (1993), the Lake County Land Valuation Commission and the State Board of Tax Commissioners (State Board) promulgated a land order for use by Lake County assessing officials for the 1995 general reassessment. Under that land order, the base rate value of the Muenichs' land could vary between $150 per front foot and $200 per front foot. (*See* Cert. Admin. R. at 155.) On one parcel, the Muenichs' land was valued at $200 per front foot. On the other parcel, the Muenichs' land was valued at $250 per front foot.

1. On December 31, 2001, the legislature abolished the State Board of Tax Commissioners (State Board). 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Indiana Board of Tax Review (Indiana Board) as "successor" to the

The Muenichs challenged the assessments by filing two Form 131 Petitions for Review of Assessment with the State Board. On July 20, 1999, the State Board conducted a hearing on the Muenichs' appeal. On June 21, 2002, the Indiana Board[1] issued a final determination affirming the valuation of the land on the first lot, but reducing the front foot value of the second lot from $250 to $200.

Still believing the assessments to be too high, the Muenichs filed an appeal with this Court on July 31, 2002. The Court heard the parties' oral arguments on July 18, 2003. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court gives great deference to final determinations of the Indiana Board. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals,* 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

State Board. IND.CODE §§ 6-1.5-1-3; 6-1.5-4-1; 2001 Ind. Acts 198 § 95. Thus, when a final determination was issued on the Muenichs' appeal in June 2002, it was issued by the Indiana Board.

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33–3–5–14.8(e)(1)–(5) (2002). The party seeking to overturn the Indiana Board's final determination bears the burden of proving its invalidity. *Osolo Township Assessor v. Elkhart Maple Lane Assocs., L.P.,* 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

## DISCUSSION

In 1995, real property in Indiana was valued on the basis of its "true tax value." IND.CODE § 6–1.1–31–6(c) (1986). The "true tax value" of real property was not its market value but, rather, the value as determined from an application of the State Board's property assessment regulations. *See id.* Nevertheless, the Indiana legislature provided guidance to the State Board, by enacting Indiana Code § 6–1.1–31–6, as to what factors were to be considered when determining the "true tax value" of land. That statute provided:

(a) With respect to the assessment of real property, the rules of the state board of tax commissioners shall provide for:

(1) the classification of land on the basis of:

(i) acreage;

(ii) lots;.

(iii) size;

(iv) location;

(v) use;

(vi) productivity or earning capacity;

(vii) applicable zoning provisions;

(viii) accessibility to highways, sewers, and other public services or facilities; and

(ix) any other factor that the board determines by rule is just and proper.

\* \* \* \* \*

(b) With respect to the assessment of real property, the rules of the state board of tax commissioners shall include instructions for determining:

(1) the proper classification of real property;

(2) the size of real property;

(3) the effects that location and use have on the value of real property;

(4) the depreciation, including physical deterioration and obsolescence, of real property;

(5) the cost of reproducing improvements;

(6) the productivity or earning capacity of land; and

(7) the true tax value of real property based on the factors listed in this subsection and any other factor that the board determines by rule is just and proper.

IND.CODE § 6–1.1–31–6(a) & (b).

In turn, the State Board promulgated rules providing that each county was to have its own land valuation commission to collect and analyze sales data on non-agricultural (i.e., residential, commercial, and industrial) land within the county and, on the basis of that data, the commission was to determine the values of the land contained therein. *See* IND. ADMIN. CODE tit. 50, r. 2.2–4–5 (1996). These values were either accepted or modified by the State Board, without further input from the county commissions. *See* I.C. § 6–1.1–4–13.6; IND. ADMIN. CODE tit. 50, r. 2.2–4–3(a) (1996). The State Board's final figures were then compiled in a County Land Valuation Order (land order).

The Muenichs complaint is two-fold. First, they assert that when the Indiana Board valued their land pursuant to the Lake County Land Order, it violated

Indiana Code § 6–1.1–31–6. More specifically, the Muenichs argue that because the Lake County Land Order does not take into account the factors listed in Indiana Code § 6–1.1–31–6(a), the Indiana Board's final determination is "not in accordance with law." (*See* Petrs' Br. at 6.) The Court construes this argument as challenging the validity of the land order *on its face*.

Second, the Muenichs assert that while they submitted evidence as to the actual value of their land (based on the factors listed in Indiana Code § 6–1.1–31–6), the Indiana Board simply disregarded that evidence. As a result, the Muenichs contend that the Indiana Board's final determination is "unsupported by substantial or reliable evidence." (*See* Petrs' Br. at 5.) The Court construes this argument as a challenge to the validity of the land order *as applied*.

A. *Challenging the Land Order on its Face: The Relationship Between Indiana Code § 6–1.1–31–6 and Land Orders*

■ The Muenichs argue that the Lake County Land Order is invalid because it does not consider the factors specifically listed in Indiana Code § 6–1.1–31–6(a). The Muenichs are incorrect.

Recently, the Indiana Supreme Court held that Indiana Code § 6–1.1–31–6 did not support the position that all the factors listed therein must be considered when determining values contained within a land order; rather, the statute required only that the State Board take the listed factors into consideration when it promulgated its rules for real property assessment. *State Bd. of Tax Comm'rs v. Indianapolis Racquet Club, Inc.*, 743 N.E.2d 247, 251 (Ind. 2001). In other words, the Supreme Court explained that in enacting Indiana Code

§ 6–1.1–31–6, "the legislature [ ] dictated factors that must be considered in the State Board's rules for assessment of real property, [but] it [ ] left it to the Board's discretion to adopt rules that accomplish that end. In simple terms, the statute directs the goal, but not the means." *Id.* Consequently, the Supreme Court ruled that, in compiling land orders, the State Board's use of actual market sales data *as a proxy* for the listed criteria of Indiana Code § 6–1.1–31–6 was proper:

[the] use of comparable sales is an appropriate assessment procedure, and [ ] it [was] well within the discretion of the State Board to promulgate rules that give appropriate consideration to the nine statutory factors by looking to actual sales data, and making the rational assumption that the cumulative effect of the individual factors is reflected in the sales prices reached by buyers and sellers in the market.

*Id.*

Given the holding in *Indianapolis Racquet Club*, this Court cannot say that the Lake County Land Order is invalid on its face, nor that the Indiana Board violated Indiana Code § 6–1.1–31–6 when it valued the Muenichs' land pursuant to the Order. Consequently, the Indiana Board's final determination is in accordance with law.

B. *Challenging the Land Order as Applied*

The Muenichs also claim that the Lake County Land Order is invalid as applied. More specifically, they contend that their assessment is unsupported by substantial evidence because they submitted evidence at the administrative hearing indicating that the assessed value of their land exceeds its actual market value.[2] Thus, the

---

**2.** At the administrative hearing, the Muenichs submitted an appraisal of their land for the

1995 tax year, an appraisal done on the property nearly 20 years ago, and an income and

Muenichs contend, "the assessment ... must be reversed and an appropriate base rate [ ] be assigned to the parcels according to [our] unrefuted evidence." (Petrs' Br. at 7.)

■ Under the 1995 assessment regulations, the "true tax value" of non-agricultural land approximated its fair market value. *Town of St. John, et al. v. State Bd. of Tax Comm'rs*, 665 N.E.2d 965, 967 (Ind. Tax Ct.1996), *rev'd on other grounds by* 675 N.E.2d 318 (Ind.1996). Nevertheless, the Indiana Supreme Court has ruled that taxpayers do not have "the substantive right to individual assessments evaluating property wealth, nor [are they entitled to a] consideration of independent property wealth evidence in [their] individual tax appeals." *State Bd. of Tax Comm'rs v. Town of St. John et. al*, 702 N.E.2d 1034, 1043 (Ind.1998). Consequently, the Muenichs are not entitled to a reduction merely because an independent appraisal indicates that their property's market value is less than its assessed value. *See id.*

■ Rather, the Muenichs were required to frame their appeal within the context of the relevant land order. In other words, to challenge the $200 per front foot value applied to their land, the Muenichs must provide evidence showing that either (1) comparable properties were assessed and taxed differently than their own under the land order or (2) their land was improperly assessed under the wrong section of the land order. *See Blackbird Farms v. Dep't of Local Gov't Fin.*, 765 N.E.2d 711, 714 (Ind. Tax Ct.2002); *Park*

expense report for the property for the years

*Steckley I v. Dep't of Local Gov't Fin.*, 779 N.E.2d 1270, 1273 (Ind. Tax Ct.2002). Because the administrative record lacks such evidence, the Muenichs did not make a prima facie case that the assessed value assigned to their land is unsupported by substantial evidence.

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the Indiana Board's final determination.

## *ORDER OF PUBLICATION*

Respondent, North Township Assessor (Lake County), by counsel, files its Motion For Publication of Memorandum Opinion.

The Court, having considered same and being duly advised in the premises, now finds said motion should be GRANTED and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. Respondent's "Motion for Publication of Memorandum Decision" is granted and this Court's opinion heretofore handed down in this cause on November 14, 20003 marked "Not For Publication" is now ordered published.

1985 through 1999.