THOUSAND TRAILS, INC., Petitioner,

v.

STATE BOARD OF TAX
COMMISSIONERS,
Respondent.

No. 49T10–9702–TA–128.

Tax Court of Indiana.

Nov. 2, 2001.

Tamatha A. Stevens, Goodin, Orzeske & Stevens P.C., Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Vincent S. Mirkov, Deputy Attorney General, Indianapolis, IN, Attorneys for the Respondent.

FISHER, J.

Thousand Trails, Inc. (Thousand Trails) appeals the final determination of the State Board of Tax Commissioners (State Board) that denied Thousand Trails' Form 133 Petitions for the 1992 and 1993 tax years. Thousand Trails also appeals the final determination of the State Board on its Form 131 Petition for the 1992 tax year. The issues before the Court are:

I. Whether the Court has jurisdiction over Thousand Trails' appeal of its 131 Petition for 1992;

II. Whether Thousand Trails is entitled to a land reclassification, kit adjustment, and application of a thirty-year depreciation table to its improvement for the 1992 and 1993 tax years; and

III. Whether Thousand Trails had an opportunity to rebut the *ex parte* evidence the State Board used to assess its pool and pool apron.

For the reasons stated below, the Court DISMISSES Thousand Trails' appeal of its 131 Petition for lack of subject matter jurisdiction; AFFIRMS the State Board's final determination of Thousand Trails 133 Petitions denying Thousand Trails' request for a land reclassification, kit adjustment, and application of a thirty-year depreciation table; and DENIES Thousand Trails' request for a hearing before the State Board on the issue of the pool and pool apron for the 1992 and 1993 tax years.

## FACTS AND PROCEDURAL HISTORY

Thousand Trails, a commercial resort that includes a lake, campgrounds, and related facilities, is located in Vermillion County, Indiana. For the 1989 general reassessment, Thousand Trails' land was valued at $154,500 and its improvements were valued at $190,100. On May 21, 1993, Thousand Trails filed a Form 130 Petition (130 Petition) with the Vermillion County Board of Review (BOR) appealing its 1992 assessment.[1]

On October 4, 1994, the (BOR) issued a final determination reassessing Thousand Trails' land at $154,500 and its improvements at $182,100. The date indicated on the final determination was, however, for the 1994 tax year. Apparently thinking that the BOR had merely issued a final determination on its 130 Petition for 1992, Thousand Trails filed a 131 Petition with the State Board on October 13, 1994, appealing its assessment for the 1992 tax year.[2] The cause number assigned to the 131 Petition was 83–007–92–0CI–00001.

On December 4, 1995, Thousand Trails filed two Form 133 Petitions (133 Petitions) with the BOR for the correction of errors in Thousand Trails' 1992 and 1993 assessments, which the BOR denied. On January 12, 1996, Thousand Trails filed its 133 Petitions with the State Board. The cause numbers assigned to these 133 Petitions were 83–007–92–3–4–00001 and 83–007–93–3–4–00002.

On May 28, 1996, the State Board held a hearing on Thousand Trails' 131 Petition. Thousand Trails was represented by its tax consultant, M. Drew Miller, of Landmark Appraisals, Inc. At the hearing, Miller submitted an analysis contending that Thousand Trails' 1992 assessment should be adjusted.[3]

---

1. The record, however, does not indicate that Thousand Trails had received any notice of an assessment action by an assessment official for 1992. Thus, at the time it filed its 130 Petition, the only year that Thousand Trails had received notice of an assessment was 1989.

2. Thousand Trails did not appeal the BOR's final determination for the 1994 tax year.

3. Thousand Trails stapled a copy of the hearing notice to its analysis. The notice indicates that the hearing was being held for cause number 83–007–92–0CI–00001, *i.e.*, the cause number assigned to Thousand Trails' 131 Petition.

On January 17, 1997, the State Board issued a final determination of Thousand Trails' 133 Petitions for the 1992 and 1993 tax years, assessing the land at $136,030 and the improvements at $185,530. As part of its final determination, the State Board found that Thousand Trails had a 684 square-foot pool and pool apron that the local assessing officials had omitted from the assessment rolls. Using the residential pool schedule at IND. ADMIN. CODE tit. 50, r. 2.1–3–5 (Sched.G.1), the State Board determined the respective true tax values[4] (TTV) of the pool and its pool apron to be $7,000 and $3,300. The State Board did not, however, grant Thousand Trails a hearing on the evidence it used to assess the pool and pool apron, nor did Thousand Trails ask the State Board for a hearing after it received its final determination. The State Board also reassessed Thousand Trails land and improvements for the 1994 tax year.

On February 10, 1997, Thousand Trails commenced an original tax appeal with this Court, appealing what it apparently believed was the final determination of its 131 Petition for the 1992 tax year. It also stated that it was appealing the final determination of its 133 Petitions for the 1992 and 1993 tax years. Thousand Trails, however, did not commence an original tax appeal with this Court appealing the State Board's final determination of its assessment for the 1994 tax year. A trial was held on May 22, 1998. The parties filed post-trial briefs, and the Court heard oral arguments on October 14, 1998. Additional facts will be provided when necessary.

## ANALYSIS AND OPINION

### Standard of Review

■■■ This Court gives great deference to the final determinations by the State Board when it acts within the scope of its authority. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). This Court will reverse a final determination by the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

■■■ Moreover, a taxpayer who appeals to this Court from a State Board final determination has the burden of showing that the final determination was invalid. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). The taxpayer must present a prima facie case (a case supported by probative evidence, *i.e.*, evidence that is sufficient to establish a given fact and which if not contradicted will remain sufficient). *Damon Corp. v. State Bd. of Tax Comm'rs*, 738 N.E.2d 1102, 1106 (Ind. Tax Ct.2000). Once the taxpayer presents a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and support its decision with substantial evidence. *Clark*, 694 N.E.2d at 1233.

### Discussion

*I.  Subject Matter Jurisdiction*[5]

■■■ The legislature has explicitly provided that "[i]f a taxpayer fails to com-

---

4.  Under the Indiana Code, "true tax value does not mean fair market value. True tax value is the value determined under the rules of the state board of tax commissioners." IND.CODE § 6–1.1–31–6(c).

5.  The parties have not raised the issue of the Court's subject matter jurisdiction. Nevertheless, the Court may raise the issue sua sponte. *See Matonovich v. State Bd. of Tax Comm'rs*, 705 N.E.2d 1093, 1095 (Ind. Tax Ct.1999), *review denied.*

ply with any statutory requirement for the initiation of an original tax appeal, the tax court does not have jurisdiction to hear the appeal." IND.CODE § 33–3–5–11(a); *see also State Bd. of Tax Comm'rs v. Mixmill Mfg. Co.*, 702 N.E.2d 701, 704 (Ind.1998); *Alcoils, Inc. v. State Bd. of Tax Comm'rs*, 727 N.E.2d 795, 799 (Ind. Tax Ct.2000). One of these statutory requirements is that a taxpayer timely initiate the 130/131 appeals process. *See* IND.CODE § 6–1.1–15–1(a) (1993); *see also Kent Co. v. State Bd. of Tax Comm'rs*, 685 N.E.2d 1156, 1158 (Ind. Tax Ct.1997), *review denied.* A taxpayer who fails to timely initiate the 130/131 appeals process cannot later seek relief in this Court. *Id.*

■ As this Court explained in *Kent:*

Prior to January 1, 1994, there were three avenues for taxpayers to challenge their property's assessed value. Within thirty days of an assessment or increase of assessment, the taxpayer could initiate the Form 130/131 process alleging both objective and subjective errors in the assessment; by March 31st of years in which there was no state-wide general assessment, the taxpayer could file a Form 134 Petition for Reassessment alleging objective or subjective errors in the assessment; lastly, a taxpayer could file a Form 133 challenging only objective errors in the assessment.

*Kent*, 685 N.E.2d at 1158 (footnote deleted); *see also Reams v. State Bd. of Tax Comm'rs*, 620 N.E.2d 758, 760 (Ind. Tax Ct.1993). The parties do not dispute that Thousand Trails failed to timely file its 130 Petition. Specifically, for the 1992 tax year, the 130/131 appeals process was not even available to Thousand Trails—that avenue of appeals having passed in 1989. *See Kent*, 685 N.E.2d at 1158. Moreover, even if the Court were to construe Thou-

sand Trails' 131 Petition as a 134 Petition appealing its 1992 assessment, the petition was filed almost fourteen months too late. *See id; Reams*, 620 N.E.2d at 760. Consequently, the Court lacks subject matter jurisdiction. *See id.* Accordingly, the Court DISMISSES Thousand Trails' appeal of its 131 Petition for lack of subject matter jurisdiction.

### II. The 133 Petitions

■ Thousand Trails claims that it is entitled to relief on its 1992 and 1993 assessments via its 133 Petitions. The Court disagrees.

■■ A taxpayer may file a 133 Petition to correct certain errors that it discovers in its tax duplicate. IND.CODE § 6–1.1–15–12(a); *Hatcher v. State Bd. of Tax Comm'rs*, 561 N.E.2d 852, 857 (Ind. Tax Ct.1990). The legislature intended, however, that the errors correctable by a 133 Petition are those that can be corrected "without resort to subjective judgment." *Hatcher*, 561 N.E.2d at 857. Thus, a taxpayer who files a 133 Petition must show with probative evidence that any alleged error is an objective error, not a subjective error. *See id.* at 855.

Thousand Trails argues that the evidence it submitted for its 131 Petition is "sufficient" to prove that it was entitled to the reclassification of its land, a kit building adjustment for its maintenance building, and the application of a thirty-year depreciation table to its office building on its 133 Petitions.[6] (Pet'r Post Trial Br. at 2–3.) Thousand Trails also argues that because the State Board corrected these alleged errors when it reassessed Thousand Trails' property for 1994, the State Board "conclusively knew" of the errors. (Pet'r Post Trial Br. at 3.) Therefore, Thousand Trails reasons that the evidence

---

**6.** On its 133 Petitions, however, Thousand    Trails challenged its land classification only.

it presented at the hearing for its 131 Petition should relate to its 133 Petitions for the 1992 and 1993 tax years.

The question, however, is not what the State Board "conclusively knew," but what errors Thousand Trails alleged and showed existed in its 133 Petitions. *See Hatcher*, 561 N.E.2d at 858. Accordingly, Thousand Trails' argument that the State Board conclusively knew of objective errors in its assessment is irrelevant unless Thousand Trails first establishes that it alleged and showed in its 133 Petitions that objective errors existed. *See id.*

■ Furthermore, just as each tax year stands alone, *Glass Wholesalers, Inc. v. State Bd. of Tax Comm'rs*, 568 N.E.2d 1116, 1124 (Ind. Tax Ct.1991), so too does each property tax appeals process. *Hatcher*, 561 N.E.2d at 856. Hence, unless otherwise designated, evidence submitted for one petition or tax year will not be used as evidence for a different petition or tax year. *See Glass Wholesalers*, 568 N.E.2d at 1124 (citing *Foursquare Tabernacle Church of God in Christ v. State Bd. of Tax Comm'rs*, 550 N.E.2d 850, 853 (Ind. Tax.Ct.1990)).

The Court has already held that it does not have jurisdiction over Thousand Trails' 131 Petition, which includes the evidence Thousand Trails submitted for its 131 Petition. Furthermore, the record does not show that Thousand Trails designated to the State Board that the evidence submitted with its 131 Petition should be used for its 133 Petitions.[7]

Thousand Trails has presented no evidence to prove the allegations in its 133 Petitions. Thus, the Court DENIES Thousand Trails relief on the issues of land classification, the kit adjustment, and the appropriate depreciation table.

### III. Swimming Pool

Thousand Trails argues that it did not have an opportunity to rebut the State Board's evidence with regard to the pool and pool apron and that it therefore should be allowed another hearing before the State Board. The Court does not agree.

■ When the State Board receives a 133 Petition, it may correct any objective errors in the assessment—even those that were not raised by the taxpayer. IND. ADMIN. CODE tit. 50, r. 4.2-3-12(a). *See also Hatcher*, 561 N.E.2d at 857. If the State Board relies on *ex parte* evidence in resolving an issue not raised by the taxpayer,[8] however, the taxpayer is entitled to an opportunity to review and rebut that evidence, either before the State Board or this Court. *Canal Realty–Indy Castor v. State Bd. of Tax Comm'rs*, 744 N.E.2d 597, 605 & 605 n. 12 (Ind. Tax Ct.2001).

■ Although the State Board did not grant Thousand Trails a hearing on the issue of the pool and pool apron, Thousand

---

7. The evidence Thousand Trails submitted to the State Board for its 131 Petition had attached to it the notice of a hearing for cause number 83–007–92–0CI–00001 only, which was the cause number assigned to Thousand Trails' 131 Petition. When asked whether he even pointed out to the State Board that there were objective errors in Thousand Trails' 131 Petition that could be corrected via a 133 Petition, Miller evaded the question by asserting that the errors in the 131 Petition could

be corrected via a 133 Petition. (Trial Tr. at 44.) The question is not whether the errors *could* be corrected via a 133 Petition, but whether Miller actually submitted probative evidence to the State Board to support his assertions. *See Hatcher*, 561 N.E.2d at 858. The record shows that he did not.

8. In this case, the *ex parte* evidence consisted of the hearing officer's findings regarding the pool and pool apron and her recommendations to the State Board.

Trails had sixteen months from the date of the State Board's final determination to gather any evidence relevant to the assessment of its pool and pool apron and present it to this Court during trial. Thousand Trails did not, however, submit any evidence about its pool and pool apron at trial, nor did it show that it had been barred from gathering such evidence. *Cf. Canal Realty*, 744 N.E.2d at 605 (finding it possible that a tax representative is deprived of the opportunity to rebut *ex parte* evidence when he lacks access to his client's property).

■ Thousand Trails, therefore, had an opportunity before this Court to rebut the State Board's evidence. "It would be inappropriate to provide a petitioner with the opportunity to rebut [an assessment] and present evidence in court, only then to remand the case [to the State Board]." *Castello v. State Bd. of Tax Comm'rs*, 638 N.E.2d 1362, 1365 (Ind. Tax Ct.1994). Consequently, the Court DENIES Thousand Trails request for a hearing before the State Board on the issue of the pool and pool apron.[9]

## CONCLUSION

For the reasons discussed, the Court DISMISSES Thousand Trails' 131 Petition for lack of subject matter jurisdiction; AFFIRMS the State Board's final determination on the 133 Petitions denying

Thousand Trails' request for a land reclassification, kit adjustment, and application of a thirty-year depreciation table; and DENIES Thousand Trails' request for a hearing before the State Board on the issue of the pool and pool apron for the 1992 and 1993 tax years.

---

9. The Court does not believe that a remand would be in Thousand Trails' best interests. Thousand Trails suggests that the State Board erred in using the residential, rather than the commercial pool schedule. (Pet'r Post Trial Br. at 8.) The smaller a pool is, the more TTV it carries per square foot. For example, an 800 square-foot residential reinforced concrete block pool carries a TTV of $16.55 per square foot, whereas a pool of 300 square feet carries a TTV of $26.20 per square foot. IND. ADMIN. CODE tit. 50, r. 2.1–3–5 (Sched.G.1). Likewise, the commercial pool schedule shows, for example, that the typical 2,500 square-foot motel-type pool carries a TTV of

$24.25 per square foot, but a 1,000 square-foot pool carries a TTV of $29.05 per square foot. IND. ADMIN. CODE tit. 50, r. 2.1–4–5 (Sched.G). Thousand Trails' pool is 664 square feet, and its TTV was determined to be $7,000, which is approximately $10.54 per square foot. Hence, in what looks like the Roy Riegels of legal arguments, Thousand Trails' contention means that the TTV of its pool, which is less than $11 per square foot under the residential pool schedule, should be adjusted upwards to more than $29 per square foot under the commercial pool schedule.