**HAMSTRA BUILDERS, INC., Petitioner,**

v.

**DEPARTMENT OF LOCAL GOVERNMENT FINANCE,[1] Respondent.**

**No. 49T10–9701–TA–57.**

Tax Court of Indiana.

Feb. 10, 2003.

---

1. The State Board of Tax Commissioners (State Board) was originally the Respondent

in this appeal. However, the Legislature abolished the State Board as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the Legislature created the Department of Local Government Finance (DLGF) and the Indiana Board of Tax Review (Indiana Board). IND.CODE §§ 6–1.1–30–1.1; 6–1.5–1–3 (West Supp.2001); 2001 Ind. Acts 198 §§ 66, 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001) (eff. 2002); 2001 Ind. Acts 198 § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. § 6–1.5–5–8. See also 2001 Ind. Acts 198 § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

David L. Pippen, Attorney At Law, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Hamstra Builders, Inc. (Hamstra) appeals the final determination of the State Board of Tax Commissioners (State Board) denying Hamstra's 133 Petitions for Correction of Error (133 Petitions) for the 1991–1994 tax years (years at issue). The issue is whether, on remand, the State Board arbitrarily denied Hamstra's request for a kit building adjustment. For the following reasons, the Court REVERSES the State Board's final determination.

### FACTS AND PROCEDURAL HISTORY

Hamstra owns a building located in Franklin County, Indiana. For the 1991–1994 tax years, the Brookville Township Assessor assessed Hamstra's improvement at $130,400. On November 8, 1994, Hamstra filed four Form 133 Petitions for Correction of Error (133 Petitions) for each year at issue, alleging that its improvement was entitled to a fifty percent assessment reduction because it was a kit building. The Franklin County Board of

Review (BOR) denied the petitions on June 27, 1995. On July 13, 1995, Hamstra appealed the BOR's denial to the State Board. The State Board held a hearing and on November 22, 1996, issued a final determination on the four 133 Petitions denying Hamstra any relief.

On January 6, 1997, Hamstra initiated an original tax appeal. On March 2, 1999, pursuant to the State Board's request, the Court remanded the case to the State Board for further proceedings. The State Board held a remand hearing and, on May 26, 1999, issued a final determination again denying Hamstra any relief. On July 26, 1999, Hamstra again appealed to this Court. On November 18, 1999, the parties stipulated to the record. On March 9, 2001, oral arguments were presented. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to final determinations of the State Board when it acts within the scope of its authority. *Thousand Trails, Inc. v. State Bd. of Tax Comm'rs*, 757 N.E.2d 1072, 1075 (Ind. Tax Ct.2001). This Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.*

■ Furthermore, a taxpayer who appeals to this Court from a State Board final determination bears the burden of showing that the final determination was invalid. *Id.* To do so, the taxpayer must present a prima facie case by submitting probative evidence, i.e., evidence sufficient to establish a given fact that, if not contradicted, will remain sufficient. *Id.* Once the

taxpayer presents a prima facie case, the burden shifts to the State Board to rebut the taxpayer's evidence and support its findings with substantial evidence. *Id.*

## Discussion

The sole issue is whether the State Board arbitrarily denied Hamstra's request for a kit building adjustment. Hamstra argues that it submitted probative evidence showing that its improvement has features consistent with a kit building and therefore, it should have received an adjustment. The State Board, on the other hand, contends that Hamstra submitted no probative evidence and therefore did not make a prima facie case. The State Board is incorrect.

Starting in 1991, the State Board's rules included a fifty percent reduction in the base rate for certain light, pre-engineered buildings (i.e., kit buildings) because of their economical quality and their use of low cost materials.[2] *Miller Structures, Inc. v. State Bd. of Tax Comm'rs*, 748 N.E.2d 943, 949 (Ind. Tax Ct.2001) (citation omitted); *Williams Indus. v. State Bd. of Tax Comm'rs*, 648 N.E.2d 713, 717 n. 4 (Ind. Tax Ct.1995). "Generally, kit buildings are made of light weight and inexpensive materials and are fabricated at central manufacturing facilities and shipped to the construction site ready for fast and efficient assembly." *Miller Structures*, 748 N.E.2d at 949. To provide guidance to assessors in determining which improvements qualify for the fifty percent "kit building adjustment," the State Board issued Instructional Bulletin 91–8. *Id.*

■ According to Instructional Bulletin 91–8, the key elements used to identify kit buildings are simply a building's type

---

2. In 1995, the State Board included a separate cost schedule for kit buildings in its rules.

*See* IND. ADMIN. CODE tit. 50, r. 2.2–11–6 (Schedule A.4).

of interior column and roof beam support. Instructional Bulletin 91–8 at 4; *Componx, Inc. v. State Bd. of Tax Comm'rs*, 683 N.E.2d 1372, 1374 (Ind.Tax 1997). Kit building interior columns and roof beam supports may include "cold form cee channel supports," tapered columns, H-columns, and steel pole (or post) columns. *Miller Structures*, 748 N.E.2d at 950. Consequently, "it should not be difficult for taxpayers to identify those characteristics in an improvement alleged to qualify for the kit adjustment." *Whitley Prods., Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1121 (Ind. Tax Ct.1998), *rev. denied.* Indeed, a taxpayer satisfies its burden with regard to a kit building adjustment where the taxpayer shows that its improvement's type of column and roof beam support meet the criteria for a kit building.[3] *See Componx*, 683 N.E.2d at 1374.

■■■ Hamstra's tax representative, M. Drew Miller of Landmark Appraisals, Inc., inspected Hamstra's improvement and submitted the following written testimony at the remand hearing:

> The subject building meets the following qualifications and factors for the kit-type adjustment as stated in STB Instructional Bulletin 91–8[:]

3. Instructional Bulletin 91–8 provides:
   The key element in identifying this low cost economical "kit-type" structure is the type of interior column and roof beam support. Understanding the correlation between cost and strength in the type of column or beam being used in the structure is essential in identifying a qualifying structure: the higher the load tolerance commands, the higher the dollar cost for the supports.
   Instructional Bulletin 91–8 at 4.

4. The State Board argues that Miller's testimony was unreliable because he was a contingently paid witness. The State Board and this Court may evaluate statements by a witness in light of any contingency fee arrangements the witness may have. *Clark v. State*

— The subject's structure has zee channel used in its framing, which is the same as the cee channel with a different bend.

— The subject[']s framing has a mix of column types consisting of light tapered and H columns with steel pole columns supporting the roof on the interior of the building.

(Stip. Ex. E.) Miller's testimony shows that the columns and roof supports of Hamstra's building satisfy the key criteria for a kit building. *See* Instructional Bulletin 91–8 at 4; *Componx*, 683 N.E.2d at 1374. Because it does, Hamstra presented a prima facie case that its building is a kit building.[4] *See Componx*, 683 N.E.2d at 1374.

■■■ By meeting its burden of proof, Hamstra shifted the burden to the State Board to rebut Hamstra's case by submitting substantial evidence showing that Hamstra's improvement is not a kit building. *See id.* at 1375. Specifically, the State Board had to articulate why the improvement's deviations from the basic kit model, if any, increased the cost of the improvement so as to make it uneconomical. *See Miller Structures*, 748 N.E.2d at 950.

*Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1241 n. 17 (Ind. Tax Ct.1998). Thus, the State Board and the Court are entitled to discount the *unsubstantiated opinion* of a contingently paid witness. *See id.* Here, however, Miller's testimony was based on objectively observable facts that did not require the State Board simply to trust Miller's opinion. If the State Board doubted the facts of Miller's testimony, it could have inspected Hamstra's building and assembled its own facts—as its own rules make clear should be done in the case of kit buildings. *See* Instructional Bulletin 91–8 at 4. Thus, in this instance, it was an abuse of the State Board's discretion to dismiss Miller's testimony out of hand.

The State Board's evidence consists of a photograph of the exterior of Hamstra's improvement that shows what appear to be four air-conditioning units on the roof. (*See* Stip. Ex. F1.) The State Board argues that the air conditioning units implicate a load tolerance for the improvement inconsistent with the load tolerance for kit buildings.[5] Thus, the State Board argues that Hamstra's improvement is not a kit building. The State Board's argument, however, is without merit.

A photograph alone is not substantial evidence of whether an improvement is or is not a kit building. *See Quality Farm and Fleet, Inc. v. State Bd. of Tax Comm'rs*, 747 N.E.2d 88, 93 (Ind. Tax Ct.2001) (rejecting photographic evidence alone as sufficient proof of whether an improvement qualified for a kit adjustment). Moreover, Instructional Bulletin 91–8 itself provides that an "[i]nterior inspection of the type of column and roof beam supports is the *only possible way* to identify [whether an improvement is a kit building]." Instructional Bulletin 91–8 at

4 (emphasis added). The State Board did not inspect Hamstra's building. Because the State Board offers no more than a photograph, it has not rebutted Hamstra's prima facie case. *See Quality Farm and Fleet*, 747 N.E.2d at 93. The Court therefore REVERSES the State Board's final determination.

## CONCLUSION

For the foregoing reasons, the Court REVERSES the State Board's final determination and REMANDS this case to the Indiana Board of Tax Review (Indiana Board).[6] On remand, the Indiana Board is ORDERED to apply the fifty percent kit building adjustment to Hamstra's improvement for the years at issue.

---

5. "Columns and beams with heavy load tolerances do not qualify for the 50% reduction." Instructional Bulletin 91–8 at 4.

6. All cases that would have previously been remanded to the State Board are now remanded to the Indiana Board of Tax Review

(Indiana Board). IND.CODE § 6–1.1–15–8. Final determinations made by the Indiana Board are subject to review by this Court pursuant to Indiana Code § 6–1.1–15. IND CODE §§ 6–1.5–5–7; 33–3–5–2.