HEART CITY
CHRYSLER/LOCKMANDY MOTORS,
Petitioner,

v.

DEPARTMENT OF LOCAL GOVERN-
MENT FINANCE,[1] Respondent.

No. 49T10–9912–TA–232.

Tax Court of Indiana.

Jan. 12, 2004.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the legislature abolished the State Board as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), *see* Indiana Code § 6–1.1–30–1.1 (West Supp.2003)(eff. 1–1–02); 2001 Ind. Acts 198 § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.5–1–3 (West Supp.2003)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2003)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. 6–1.5–5–8. *See also* 2001 Ind. Acts 198 § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

David L. Pippen, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondents.

FISHER, J.

Heart City Chrysler/Lockmandy Motors (Heart City) appeals the State Board of Tax Commissioners' (State Board) final determinations valuing its real property for the 1990, 1991, and 1995 tax years. The issue for the Court to decide is whether the State Board erred when it refused to award obsolescence depreciation to Heart City's improvements.[2] For the following reasons, the Court AFFIRMS the State Board's final determinations.

## FACTS AND PROCEDURAL HISTORY

Heart City owns and operates a car dealership located in Elkhart County, Indiana. For the 1990, 1991, and 1995 property tax assessment years, Cleveland Township assessing officials assigned zero obsolescence depreciation to Heart City's improvements. Heart City appealed its assessments to the Elkhart County Board of Review (BOR); the BOR denied Heart City's appeals. Heart City then appealed to the State Board. On November 22, 1996, and October 29, 1997, the State Board issued two final determinations in which it awarded Heart City's improvements a 10% obsolescence depreciation adjustment. Additionally, the State Board, *sua sponte*, reduced the improvements' physical depreciation factor from 45% to 35%.

Heart City subsequently filed an original tax appeal. On June 24, 1999, this

---

2. In addition, Heart City raises various state and federal constitutional claims that this Court has declined to reach in previous cases. *See, e.g., Barth, Inc. v. State Bd. of Tax Comm'rs*, 756 N.E.2d 1124, 1127 n. 1 (Ind. Tax Ct.2001). Because Heart City's claims and supporting arguments are identical to those previously rejected by the Court, the Court will not address them.

Court reversed and remanded the State Board's final determinations with respect to obsolescence and the physical depreciation adjustments.[3] The Court instructed Heart City, upon remand, to quantify the obsolescence of the subject improvements with generally accepted appraisal techniques consistent with this Court's opinion in *Clark*.[4] *See Heart City Chrysler v. State Bd. of Tax Comm'rs*, 714 N.E.2d 329, 334 (Ind. Tax Ct.1999).

■ On August 9, 1999, the State Board conducted a remand hearing. On October 20, 1999, the State Board issued final determinations[5] in which it removed Heart City's 10% obsolescence adjustments and returned the physical depreciation factor to 45%.[6] (*See* Stip. R. at 50, 61, 89.) On December 2, 1999, Heart City filed another original tax appeal. On April 4, 2001, this Court heard the parties' oral arguments. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to the final determinations of the State Board when it acts within the scope of its authority. *Hamstra Builders, Inc. v. Dep't of Local Gov't Fin.*, 783 N.E.2d 387, 390 (Ind. Tax Ct.2003). Thus, this Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* When appealing to this Court from a State Board final determination, the taxpayer bears the burden of showing that the final determination is invalid. *Id.*

## Discussion

Heart City claims that the State Board erroneously disregarded its evidence quantifying the obsolescence depreciation present in its improvements. Specifically, Heart City requested a 25% obsolescence adjustment to its 1990 and 1991 property tax assessments, and a 37% adjustment to its 1995 assessment.

■ Obsolescence is the functional or economic loss of property value. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1238 (Ind. Tax Ct.1998). Functional obsolescence is caused by factors internal to the property; economic obsolescence is caused by external factors. *See id. See also* IND. ADMIN. CODE tit. 50, r. 2.1–5–1 (1992); IND. ADMIN. CODE tit. 50, r. 2.2–10–7(e) (1996). Obsolescence is expressed as a percentage reduction in the remaining value of an improvement. *See* 50 IAC 2.1–5–1; IND. ADMIN. CODE tit. 50, r. 2.2–10–7(f) (1996).

---

3. The Court affirmed the State Board's final determination denying Heart City's request for a grade reduction. *See Heart City Chrysler v. State Bd. of Tax Comm'rs*, 714 N.E.2d 329, 333 (Ind. Tax Ct.1999).

4. On April 24, 1998, this Court issued an opinion in *Clark v. State Board of Tax Commissioners*, 694 N.E.2d 1230 (Ind. Tax Ct.1998). In essence, *Clark* set forth what this Court expects from taxpayers and the State Board in appeals involving issues of obsolescence. *See Clark*, 694 N.E.2d at 1241.

5. The State Board held a consolidated remand hearing for all three tax years; however, Heart City presented its evidence separately for the 1995 appeal. Consequently, the State Board issued a joint final determination for 1990 and 1991, and a separate final determination for 1995.

6. Heart City did not discuss the issue of physical depreciation during its oral argument, nor did it address it in its briefs to this Court. Consequently, the Court considers the issue waived for review on this appeal.

▇ When a taxpayer seeks an obsolescence adjustment, it must make a two prong showing: 1) it must identify causes of the alleged obsolescence and 2) it must quantify the amount of obsolescence to be applied to its improvement. *Clark*, 694 N.E.2d at 1238. Each of these two prongs must be tied to an improvement's actual loss of value. *Id.* Thus, although the only issue for the parties to consider on remand was the quantification of obsolescence, Heart City was necessarily required to explain its causes of obsolescence in order to translate its improvements' loss in value (due to those causes) into a quantifiable amount of obsolescence depreciation. *See id.* This Heart City did not do.

At the administrative hearing, Heart City submitted an "Assessment Review and Analysis" (Analysis) prepared by its property tax consultant, Mr. M. Drew Miller (Miller) of Landmark Appraisals.[7] In the Analysis, Miller quantified Heart City's improvements' obsolescence by deducting the physical depreciation applied by the Cleveland Township Assessor from the total accrued depreciation calculated using the economic age-life method of measuring property depreciation. (*See* Stip. R. at 98, 108.) In doing so, Miller concluded that Heart City's improvements suffered from 25% obsolescence in 1990 and 1991, and 37% obsolescence in 1995.

(Stip. R. at 98, 108.) However, Heart City did not link those quantifications to the causes of its improvements' obsolescence.

▇ A taxpayer cannot quantify its obsolescence depreciation without relating the causes of obsolescence, and the actual loss in value to the improvement incurred as a result of those causes, to the amount of obsolescence it seeks. *See Clark*, 694 N.E.2d at 1238; *see also Miller Structures, Inc. v. State Bd. of Tax Comm'rs*, 748 N.E.2d 943, 954 (Ind. Tax Ct.2001). Heart City was required to "carefully, methodically, and in detail brief this Court as to what the amount of obsolescence should be *and why.*" *Clark v. State Bd. of Tax Comm'rs*, 779 N.E.2d 1277, 1282 n. 4 (Ind. Tax Ct.2002) (emphasis added). Instead, Heart City presented an Analysis concluding it was entitled to obsolescence depreciation based on a mathematical calculation bearing no relationship to causes of obsolescence depreciation alleged to exist. Without more, Heart City's Analysis was not sufficient to establish its prima facie case that it was entitled to obsolescence depreciation. *See Whitley Prods., Inc. v. State Bd. of Tax Comm'rs*, 704 N.E.2d 1113, 1119 (Ind. Tax Ct.1998), *review denied.* Thus, the State Board's final determinations must stand.[8]

7. Two individual analysis reports, one for 1990 and 1991, and one for 1995, were prepared and submitted as exhibits during the administrative hearing. The reports were essentially identical with respect to content, but for the differences in numerical calculations specific to each year. (*See* Stip. R. at 95–103, 106–111.) Consequently, the Court's references to Miller's "Assessment Review and Analysis" (Analysis) refer to both submissions.

8. The Court notes that the State Board devoted four pages of each final determination to discussing evidentiary credibility and relevancy factors in light of the United States' Supreme Court case of *Daubert v. Merrell Dow Pharmaceuticals.* (*See* Stip. R. at 45–49, 75–

79); *see also Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (discussing issues of relevancy related to scientific evidence). The State Board then concluded that Miller's testimony "[was] meant to be offered as scientific evidence within the meaning of that term as defined by *Daubert*" and its credibility/reliability must therefore be evaluated in light of its contingent nature. (*See* Stip. R. at 48, 77). This analysis is misplaced: this Court has previously discussed how a contingently paid witness's testimony is to be evaluated. *See Wirth v. State Bd. of Tax Comm'rs*, 613 N.E.2d 874, 877 (Ind. Tax Ct.1993). Thus, the Court saves its *Daubert* analysis for another day.

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the State Board's final determinations.