Terry L. CLARKSON and Kimberly Clarkson, Petitioners,

v.

DEPARTMENT OF LOCAL GOVERNMENT FINANCE,[1] Respondent.

No. 49T10–9907–TA–160.

Tax Court of Indiana.

July 19, 2004.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the legislature abolished the State Board as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), see Indiana Code § 6–1.1–30–1.1 (West Supp.2003)(eff. 1–1–02); 2001 Ind. Acts 198 § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE ANN § 6–1.5–1–3 (West Supp.2003)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE ANN. § 6–1.5–5–8 (West Supp.2003)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to those appeals. A.I.C. § 6–1.5–5–8. See also 2001 Ind. Acts 198 § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Timothy J. Vrana, Sharpnack Bigley LLP, Columbus, IN, Attorney for Petitioners.

Steve Carter, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Terry L. Clarkson and Kimberly Clarkson (the Petitioners) appeal the State Board of Tax Commissioners' (State Board) final determination valuing their real property for the 1995 tax year. The issue for the Court to decide is whether the State Board erred in valuing the Petitioners' land under the Johnson County Land Order (land order).

## FACTS AND PROCEDURAL HISTORY

The Petitioners own and operate a manufacturing facility in Franklin, Indiana. In accordance with Indiana Code § 6–1.1–4–13.6, the State Board promulgated a land order for the Johnson County assessing officials to use for the 1995 general reassessment. See IND.CODE ANN. § 6–1.1–4–13.6 (West 1993) (amended 2002). Under that land order, the base rate values for "commercial" primary land could vary between $6,500 and $84,900 per acre; the value for "industrial" primary land varied between $6,500 and $19,500 per acre. (See Cert. Admin. R. at 24.)[2] The Petitioners' land was valued as "commercial" at $65,000 per acre.

Believing this value to be excessive, the Petitioners appealed their assessment to the Johnson County Board of Review (BOR); it denied the Petitioners' request to value their land as industrial. The Petitioners then appealed their assessment to the State Board; on April 7, 1998, the State Board conducted an administrative hearing on the matter. On May 24, 1999, the State Board issued a final determination denying the Petitioners' requested relief.

The Petitioners initiated an original tax appeal on July 6, 1999. In lieu of a trial, the parties agreed to argue the case based on the record and briefs submitted to the Court. On September 21, 2001, the Court heard the parties' oral arguments. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

 This Court gives great deference to the final determinations of the State

---

2. The relevant section of the land order provided:

V. Commercial/Industrial Acreage—Franklin Township, Johnson County

| C/I | Area | Primary Low Value | High Value |
|-----|------|------|------|
| C | Secs. 10, 14, 15, 22, 23 Twp 12 Range 4 | 6500 | 84900 |
| C | West of RR tracks in sec 2, 3, 11 | 6500 | 84900 |
| C | Township—other | 6500 | 28350 |
| I | Township | 6500 | 19500 |

Page 9 of 24.
(Cert. Admin. R. at 24.)

Board when it acts within the scope of its authority. *Hamstra Builders, Inc. v. Dep't of Local Gov't Fin.*, 783 N.E.2d 387, 390 (Ind. Tax Ct.2003). Thus, this Court will reverse a final determination of the State Board only when its findings are unsupported by substantial evidence, arbitrary, capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* When appealing to this Court from a State Board final determination, the taxpayer bears the burden of showing that the final determination is invalid. *Id.*

## Discussion

The sole issue is whether the State Board erred in valuing the Petitioners' land under the land order. The Petitioners contend that the land should be assessed as "industrial" because they operate a manufacturing facility thereon. The State Board contends that the classification of "commercial" was proper.

■ Land orders are administrative rules; therefore, they are subject to the same rules of construction as statutes. *See The Precedent v. State Bd. of Tax Comm'rs*, 659 N.E.2d 701, 704 (Ind. Tax Ct.1995). Consequently, "[i]n construing a land order, the first and foremost rule of construction is to ascertain and give effect to the land commission's intent, and the most reliable guide to that intent is the language of the land order itself." *Id.* To accomplish this, the Court will "give [the] words and phrases used [in the land order] their plain, ordinary, and usual meaning, unless it is apparent that the land commission intended some other meaning." *Id.* at 705.

In this case, the land order fails to define either "commercial" or "industrial" land. (*See* Cert. Admin. R. at 24.) Thus, the Petitioners rely on the definitions of "land classification" and "industrial property" found within Indiana's assessment manual to support their conclusion that their land is "industrial" under the land order.[3] Specifically, the manual defines land classification as "the classification of land based upon its capabilities for use." IND. ADMIN. CODE tit. 50, r. 2.2–4–1(13) (1996). In turn, industrial property is defined as "land, improvements, or machinery, or all three (3), *used or adaptable for use* in the production of goods. It also includes supporting auxiliary facilities." IND. ADMIN. CODE tit. 50, r. 2.2–1–33 (1996) (emphasis added).[4]

■ Both parties agree that: (1) the Petitioners' improvement is assessed under the General Commercial Industrial pricing schedule; (2) the Petitioners use their property to manufacture circuit boards; and (3) that no more than 2% of the Petitioners' business is walk-in business. Because the manual unambiguously provides for the classification of land based upon its capabilities for use, and because the Petitioners have established that their property is used in the production of circuit boards, the Petitioners' land properly falls within the definition of "industrial property." Accordingly, the Petitioners have demonstrated that their land should be valued under the "industrial" classification of the land order. *See State Bd. of Tax Comm'rs v. Indianapolis Racquet Club, Inc.*, 743 N.E.2d 247, 253 (Ind.2001)

---

**3.** The Indiana assessment manual does not define "commercial property."

**4.** The Department asserts that because the Petitioners did not rely on the definitions found in the assessment manual at the administrative hearing, they could not rely on them

when they filed their briefs with this Court. (*See* Resp't Br. at 8.) The Court concludes, however, that the Petitioners could rely on the definitions as additional supporting authority for their arguments previously made at the administrative hearing.

(finding that "because [the taxpayer] has proved that its classification was not arrived at according to the [Indiana assessment manual], it has carried its burden of showing that the State Board's final determination was invalid"). Consequently, the burden shifted to the State Board to support its final determination with substantial evidence.[5] *See Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998) (finding that once a taxpayer has made a prima facie case, the State Board's final determination must be supported with substantial evidence).

In its final determination, the State Board concluded that

> the dominant use type in the immediate area is commercial. The base rate of the land falls within the value range for land in Franklin Township. The petitioner presented no evidence to show the value of the subject parcel is excessive, that the assessment is unfair or that the petitioner is being treated differently than others in this area.

(Cert. Admin. R. at 17.) The State Board further asserted that

> there is no indication that geographic features, zoning or anything else prohibits using th[e] land [for a commercial use] similar to its neighbors.... [Therefore], lacking evidence of any significant difference concerning this particular land, it would be a violation of the constitutional obligation to maintain uniformity and equality of assessment if the

State Board were to lower the assessment on only [the Petitioners'] land." (Resp't Br. at 6 (citations omitted).)

The State Board has not substantially supported its final determination. First, the State Board ignores Indiana's assessment manual, which specifically provides that "land is to be classified based upon its capabilities for use"—the Petitioners demonstrated that their land not only is capable, but that indeed, it *is* being used for producing circuit boards. *See* 50 IAC 2.2–4–1(13); 50 IAC 2.2–1–33. Instead, the State Board valued industrial land as commercial merely because there were commercial properties nearby. Second, having established that their land should be valued as "industrial" rather than "commercial," the Petitioners have necessarily demonstrated that the assessment was excessive and unfair. The State Board presented no evidence showing a physical or functional distinction between the Petitioners' property and other *industrial* property in Johnson County to warrant classifying it as anything other than "industrial" land. *See Indianapolis Historic Partners v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1224, 1229 (Ind. Tax Ct.1998). Accordingly, the State Board has failed to support its final determination with substantial evidence.

## Conclusion

For the reasons stated above, the Court REVERSES the final determination of the State Board and REMANDS it to the Indiana Board of Tax Review (Indiana Board)[6] to instruct the local assessing offi-

---

**5.** "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Amax Inc. Through Amax Coal Co. v. State Bd. of Tax Comm'rs,* 552 N.E.2d 850, 852 (Ind. Tax Ct.1990) (citation omitted).

**6.** All cases that would have been remanded to the State Board are now remanded to the Indiana Board of Tax Review (Indiana Board). IND.CODE ANN § 6–1.1–15–8 (West Supp.2003). Final determinations made by the Indiana Board are subject to review by this Court pursuant to Indiana Code § 6–1.1–15. IND.CODE ANN. §§ 6–1.5–5–7, 33–3–5–2 (West Supp.2003).

cials to value the Petitioners' property from the "industrial—township" section of the land order.