## HOWSER DEVELOPMENT LLC, Petitioner,

v.

## VIENNA TOWNSHIP ASSESSOR, Respondent.

### No. 49T10–0408–TA–39.

Tax Court of Indiana.

Sept. 13, 2005.

Timothy J. Vrana, Attorney at Law, Columbus, IN, for Petitioner.

Steve Carter, Attorney General of Indiana, Amber Merlau St.Amour, Deputy Attorney General, Indianapolis, IN, for Respondent.

FISHER, J.

Howser Development LLC (Howser Development) appeals the final determination of the Indiana Board of Tax Review (Indiana Board) valuing its property for the March 1, 2002 assessment date. The issue for this Court to decide is whether the Vienna Township Assessor (Assessor) erred when it assessed Howser Development's land, but failed to apply the "developer's discount" as provided in Indiana Code § 6–1.1–4–12.

### FACTS AND PROCEDURAL HISTORY

On September 18, 1995, Charles Howser, Scott Howser, Patrick Howser, and John Howser (the Howsers) purchased land located at the interchange of I–65 and State Road 56 in Scottsburg, Indiana. At the time of the Howsers' purchase, the parcel contained 14.13 acres and a one-acre retention pond, was zoned as R–1 One–Family Residential, and assessed as agricultural land. The land's zoning was changed to GB–General Business on October 11, 1995 at the request of Scott Howser.

The Howsers formed Howser Development on March 17, 1997. Two days later,

on March 19, 1997, the Howsers conveyed the 14.13 acre parcel plus the retention pond to Howser Development. That same day, Howser Development transferred 1.751 acres of that parcel to Scottsburg Lodging Associates LLP (Scottsburg Lodging). On December 16, 1999, Howser Development conveyed another 1.361 acres to Scottsburg Lodging, followed by an additional acre on November 5, 2003. On November 26, 2003, Howser Development conveyed another 2.75 acres of the property to Cracker Barrel Old Country Store.

Thus, from the original 14.13 acres, Howser Development sold four lots, ranging in size from one acre to 2.75 acres. The remaining land at issue totals 8.268 acres (including the one-acre retention pond). Howser Development has not subdivided this land, which remains undeveloped. Instead, Howser Development is subdividing the land into parcels one by one, as each parcel is sold.

For the March 2002 reassessment, the Assesor changed the classification of the land from agricultural to commercial in order to reflect the 1995 change in zoning. Howser Development filed an appeal with the Scott County Property Tax Assessment Board of Appeals (PTABOA) on October 20, 2003. While the PTABOA adjusted the assessment on other grounds, it did not change the classification of the land. Unsatisfied with this result, Howser Development filed a Petition for Review of Assessment (Form 131) with the Indiana Board on December 18, 2003. The Indiana Board held a hearing on Howser Development's petition on April 22, 2004. On July 20, 2004, the Indiana Board issued its final determination upholding the PTABOA's assessment.

Howser Development filed an original tax appeal with this Court on August 27, 2004. The Court heard the parties' oral arguments on July 8, 2005. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to final determinations of the Indiana Board. *Wittenberg Lutheran Vill. Endowment Corp. v. Lake County Prop. Tax Assessment Bd. of Appeals,* 782 N.E.2d 483, 486 (Ind. Tax Ct.2003), *review denied.* Consequently, the Court will reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND. CODE ANN. § 33–26–6–6(e)(1)–(5) (West Supp.2004–2005). The party seeking to overturn the Indiana Board's final determination bears the burden of proving its invalidity. *Osolo Township Assessor v. Elkhart Maple Lane Assocs., L.P.,* 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

### Discussion

■ Indiana Code § 6–1.1–4–12 governs the reassessment of land, providing in pertinent part:

If land assessed on an acreage basis is subdivided into lots, the land shall be reassessed on the basis of lots. If land is rezoned for, or put to, a different use, the land shall be reassessed on the basis of its new classification.... An assessment or reassessment made under this section is effective on the next assessment date. *However, if land assessed*

*on an acreage basis is subdivided into lots, the lots may not be reassessed until the next assessment date following a transaction which results in a change in legal or equitable title to that lot.*

IND. CODE ANN. 6–1.1–4–12 (West 2002) (emphasis added). Thus, under this statute, land must be reassessed upon the occurrence of any of three events: when land is subdivided into lots, when land is rezoned, or when land is put to a different use. *See id.* The statute, however, also provides an exception to the rule: if the land is subdivided into lots *only*, the reassessment may not occur until the next assessment date following a change in title to the land. This exception is commonly referred to as the "developer's discount."

Howser Development argues that, pursuant to the developer's discount, its land should not have been reassessed. More specifically, because it is subdividing its lots as it finds buyers, Howser Development maintains that the Assessor was precluded from reassessing its property until a change in title to that property occurred. (*See* Pet'r Br. at 7.)

The Assessor argues, on the other hand, that the developer's discount should not be applied to Howser Development's land for two reasons: 1) the land was not subdivided into lots, and 2) the land was rezoned.[1] (*See* Resp't Br. at 4.) Thus, the Assessor maintains that under the plain, ordinary meaning of Indiana Code § 6–1.1–4–12, Howser Development is not entitled to receive the benefit of the developer's discount. The Court agrees.

When a statute is susceptible to more than one interpretation, it is ambiguous and the court must interpret the statute to effectuate the intent of the legislature.

*See City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 653 (Ind.Ct.App.1996), *trans. denied.* Courts are not at liberty, however, to construe statutes that are unambiguous. *Id.* Indiana Code § 6–1.1–4–12 is unambiguous. The statute explicitly requires reassessment when land is rezoned; there is no exception to this requirement. *See* A.I.C. § 6–1.1–4–12. The statute does provide an exception to the reassessment requirement in one circumstance: when land is subdivided into lots with no change in use or zoning. *See id. See also Aboite,* 762 N.E.2d at 258. That is not the case here, as Howser Development's land was not subdivided into lots and the zoning was changed from residential to business.

Nevertheless, according to Howser Development, the developer's discount should still apply to its land because Howser Development's use of the land fulfills the legislative intent underlying the exception. (*See* Pet'r Br. at 5–6.) Specifically, Howser Development cites this Court's decision in *Aboite Corporation v. State Board of Tax Commissioners,* in which the Court stated that "the exception is designed to encourage developers to buy farmland, subdivide it into lots, and resell the lots." *Aboite Corp. v. State Bd. of Tax Comm'rs,* 762 N.E.2d 254, 257 (Ind. Tax Ct.2001), *review denied.* "[U]ntil the lots are sold, [the] owner 'reaps the benefit' of a lower assessment." *Id.* (footnote omitted). Howser Development argues that the only difference between what it is doing and what the legislature intended is that Howser Development is subdividing the lots one at a time as it finds buyers rather than subdividing the lots in advance. (Pet'r Br. at 5–6.) Howser Development points out that it is still buying and developing farm-

---

1. The Assessor also argues that Howser Development put the land to a different use. (*See* Resp't Br. at 4; Oral Argument Tr. at 11–13.) Howser Development, for its part, denies any change in use. (*See* Oral Argument Tr. at 17–18.) Nonetheless, the Court need not reach this argument. Indiana Code § 6–1.1–4–12 requires reassessment both when land is rezoned and when it is put to a different use. *See* A.I.C. § 6–1.1–4–12.

land all the same, just as the legislature intended.

In making this argument, however, Howser Development ignores the fact that it has also rezoned the subject property. Thus, Howser Development is, in effect, asking this Court to make two exceptions to the requirements a taxpayer must meet in order to receive the benefit of the developer's discount. First, Howser Development asks the Court to overlook the fact that it has not subdivided the subject property into lots. Then, it asks the Court to overlook the additional fact that the property has been rezoned—a change which Scott Howser himself requested. (*See* Cert. Admin. R. at 59.)

The Court cannot simply turn a blind eye to these facts. To do so would be to ignore the express requirements of Indiana Code § 6–1.1–4–12. Although Howser Development may, indeed, be achieving the result the Indiana General Assembly intended when enacting that statute, it is not using the means required by the legislature. "Statutory language is deemed intentionally chosen by the legislature to give effect to the meaning of an act." *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue*, 569 N.E.2d 765, 769 (Ind. Tax Ct.1991), *aff'd*, 587 N.E.2d 1311 (Ind.1992). In other words, the legislature is presumed to mean what it says. *Hyatt Corp. v. Dep't of State Revenue*, 695 N.E.2d 1051, 1053 (Ind. Tax Ct.1998), *review denied*. If the legislature had intended to allow the developer's discount to apply to unsubdivided land, or to land that had experienced a change in zoning or use, it would not have worded the statute as it did.

Accordingly, Howser Development's reliance on this Court's opinion in *Aboite* is misplaced. Indeed, faithful application of that precedent dictates a finding in favor of the Assessor, not Howser. In *Aboite*, the petitioner bought farmland, subdivided it into lots, and sold all but one lot. *See Aboite*, 762 N.E.2d at 256. On that remaining lot, Aboite Corporation built a shopping center. *Id.* at 257. The State Board of Tax Commissioners subsequently reassessed the lot—changing the classification from "agricultural" to "commercial"—in order to reflect the changed use of the land. *Id.* Aboite contested the reassessment, arguing that the developer's discount should apply to its land because the land was subdivided into lots. *Id.* The Court found, however, that because the use of the land had changed, the application of the developer's discount to Aboite's land would frustrate the intent of the exception. *Id.* at 258.

Although the Court used legislative intent to inform its decision in *Aboite*, it ultimately relied on a straightforward application of Indiana Code § 6–1.1–4–12. Simply put, Aboite's land was subdivided, but its use of the land changed; accordingly, the developer's discount did not apply. Likewise, a straightforward application of the statute to the case at bar yields the same result. Not only was Howser Development's land not subdivided, it was also rezoned. Whereas Aboite's land had one strike against it (change in use), Howser Development's land has two (change in zoning and failure to subdivide). Thus, if the developer's discount did not apply to Aboite's land, it certainly should not apply to Howser Development's land.

### CONCLUSION

■ For the above stated reasons, the Court finds that Howser Development is not entitled to the developer's discount exception provided in Indiana Code § 6–1.1–4–12. Accordingly, the Court AFFIRMS the final determination of the Indiana Board valuing Howser Develop-

ment's property for the March 1, 2002 assessment date.[2]

---

**2.** In its original tax appeal petition, Howser Development argued that the true tax value of the subject property should be established by its annual gross rental income of $5,000.00 and that the Assessor erred in basing the true tax value of the land on the fair market value of an adjoining lot. (*See* Verified Pet. for Judicial Reivew at 2, ¶¶ 8, 10.) However, Howser Development did not discuss this issue during oral argument, nor did it address it in its briefs to this Court. Consequently, the Court considers the issue waived for review on this appeal. *See Heart City Chrysler/Lockmandy Motors v. Dep't of Local Gov't Fin.*, 801 N.E.2d 215, 217 n. 6 (Ind. Tax Ct.2004).